UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-22787-MOORE/Elfenbein

**JONATHAN HARRINGTON**,

    Plaintiff,

v.

**VERITEXT, LLC**,

    Defendant.
_____/

**ORDER ON MOTION TO COMPEL ANSWER**

**THIS CAUSE** is before the Court on *pro se* Plaintiff Jonathan Harrington's Alternative Motion to Compel an Answer or For Default Judgment Against Defendant and Motion to E-File (the "Motion to Compel"), ECF No. [15].  The Honorable K. Michael Moore referred this case to the undersigned "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." *See* ECF No. [6].[1]

**I.  BACKGROUND**

On June 10, 2024, Plaintiff filed a state-court action against Defendant Veritext, LLC in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida.  *See* ECF No. [1-2].  About six weeks later, on July 22, 2024, Defendant removed Plaintiff's state-court action to this Court based on diversity of citizenship.  *See* ECF No. [1].  Plaintiff then filed the Motion to Compel, in which he asks the Court either "to compel" Defendant "to answer" the state-court

---

[1] Because the Motion to Compel involves a non-dispositive matter, I resolve it with an Order instead of a Report and Recommendation.  *See, e.g.*, *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (noting that a non-dispositive matter is one that does not "dispose[] of a claim or defense of any party").

Complaint "or, in the alternative, to enter default judgment against" Defendant. *See* ECF No. [15] at 1. Plaintiff also renews his request for the Court to "permit Plaintiff to e-file documents in this case by email to the Court or its judicial assistant or to Defendant's counsel of record." *See* ECF No. [15] at 2.

As support for that relief, Plaintiff asserts that Defendant "was validly served" with the state-court Complaint on July 3, 2024 and that under Federal Rule of Civil Procedure 12, Defendant had 21 days — until July 24, 2024 — to answer it. *See* ECF No. [15] at 1. Plaintiff notes that, despite the asserted July 24 deadline, Defendant had "still not pled an answer" by the time Plaintiff filed the Motion to Compel on August 2, 2024. *See* ECF No. [15] at 1–2. Plaintiff also argues that, if it does not order Defendant to answer, the Court should grant default judgment against Defendant "for its decision to ignore" the Court's "power and authority." *See* ECF No. [15] at 2.

Defendant filed a Response in opposition to the Motion, arguing that it timely filed its Motion to Dismiss the state-court Complaint for failure to state a claim upon which relief can be granted, and that it did so within seven days of filing the Notice of Removal as Federal Rule of Civil Procedure 81(c)(2) permits. *See* ECF No. [17] at 1. For that reason, Defendant argues that no answer to the state-court Complaint is due at this time and, given its filing of a Motion to Dismiss, no basis exists for the entry of a default either. *Id.* Plaintiff's Reply was due by August 26, 2024, but he has not filed one as of the date of this Order. The Motion is ripe for review.

## II.     LEGAL STANDARDS

After a state-court action is removed to federal court, the Federal Rules of Civil Procedure apply. *See* Fed. R. Civ. P. 81(c)(1). Relevant here, a "defendant who did not answer before removal must answer *or present other defenses or objections under*" the Rules "within the longest

of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." *See* Fed. R. Civ. P. 81(c)(2) (emphasis added).

By its own title, Rule 12 explains to litigants when and how to present defenses and objections. *See* Fed. R. Civ. P. 12 (containing as part of its title the phrase "Defenses and Objections: When and How Presented"). Among the ways described in Rule 12 that a litigant can present defenses and objections are: "in an amendment allowed by Rule 15(a)(1) as a matter of course," *see* Fed. R. Civ. P. 12(h)(1)(B)(ii); through any pleading, *see* Fed. R. Civ. P. 12(h)(2)(A); through a responsive pleading (like an answer) specifically, *see* Fed. R. Civ. P. 12(a)(1)–(3), (b), (h)(1)(B)(ii), (h)(2)(A); through a motion, *see* Fed. R. Civ. P. 12(b)–(g), (h)(1)(A), (h)(2)(B); and at trial, *see* Fed. R. Civ. P. 12(b), (h)(2)(C).

Indeed, Rule 12(b)(6) specifically allows litigants to assert the defense of failure to state a claim upon which relief can be granted "by motion." *See* Fed. R. Civ. P. 12(b)(6). If a party wants to file a "motion asserting" that defense, that motion "must be made before pleading if a responsive pleading is allowed." *Id.* A complaint is a pleading for which a responsive pleading is allowed, and an answer is that responsive pleading. *See, e.g.*, Fed. R. Civ. P. 12(a)(1) (recognizing implicitly, while explaining how much time a party has to serve "a responsive pleading," that an answer is the responsive pleading for a "summons and complaint"); *Skrtich v. Thornton*, 280 F.3d 1295, 1305–06 (11th Cir. 2002) (recognizing an answer as a responsive pleading to a complaint), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009); *Vital Pharms., Inc. v. Alfieri*, 576 F. Supp. 3d 1150, 1154 (S.D. Fla. 2021) (same).

"When a defendant has failed to plead or defend, a district court may enter judgment by

3

default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). To obtain a default judgment against a defendant, a plaintiff must satisfy a two-step process. *See* Fed. R. Civ. P. 55. First, the plaintiff must ask the clerk of court to enter a clerk's default: "When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *See* Fed. R. Civ. P. 55(a) (emphasis added). Second, after the clerk of court enters a clerk's default, the plaintiff "must apply to the court for a default judgment," subject to an exception that does not apply here. *See* Fed. R. Civ. P. 55 (b)(1), (b)(2). Entry of default judgment is warranted only "when there is a sufficient basis in the pleadings for the judgment entered," a threshold "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245 (quotation marks omitted).

### III.    DISCUSSION

As explained above, Plaintiff argues that Defendant was required to answer his removed state-court Complaint by July 24, 2024 because he validly served it on July 3, 2024 and Rule 12 gave Defendant 21 days from that date to answer it. *See* ECF No. [15] at 1 (citing Fed. R. Civ. P. 12(a)(1)(A)(i)). And Plaintiff is correct that Rule 12(a)(1)(A)(i) requires defendants who have not "timely waived service under Rule 4(d)" to serve their answers within 21 days. *See* Fed. R. Civ. P. 12(a)(1)(A). But this is a removed action, so the operative Rule governing the timing of Defendant's response to Plaintiff's state-court Complaint is not Rule 12 but instead Rule 81. *See* Fed. R. Civ. P. 81(c) (noting that it applies to "removed actions").

Like Rule 12(a), Rule 81(c) also imposes a 21-day response timeline in certain circumstances. *See* Fed. R. Civ. P. 81(c)(2)(A)–(B). In situations like this one, though, where Defendant "did not answer before removal" and the "longest" response period is the one that ends

4

"7 days after the notice of removal is filed," Rule 81(c)'s 21-day response deadline does not apply. Because Defendant was served with the state-court Complaint on July 3, 2024, *see* ECF No. [15] at 1, and filed its Notice of Removal on July 22, 2024, *see* ECF No. [1], Defendant's deadline to respond under the Rules was July 29, 2024, *see* Fed. R. Civ. P. 81(c)(2)(C).

Defendant did not file an answer by July 29. *See* ECF No. [15] at 1–2 (noting that Defendant had "still not pled an answer" by August 2). But what Plaintiff fails to recognize is that the Rules did not require Defendant to file an *answer* by July 29; they required Defendant to "answer *or present other defenses or objections under*" the Rules by July 29. *See* Fed. R. Civ. P. 81(c)(2) (emphasis added). It is well-settled that defendants can present certain defenses, including failure to state a claim upon which relief can be granted, by motion. *See* Fed. R. Civ. P. 12(b); Fed. R. Civ. P. 12(b)(6). And importantly, defendants who choose to assert a failure to state a claim upon which relief can be granted defense by motion must file their motion *before* filing an answer. *See, e.g.*, Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 12(a)(1); *Skrtich*, 280 F.3d at 1305–06; *Alfieri*, 576 F. Supp. 3d at 1154.

Defendant here did exactly that: it filed its Motion to Dismiss in which it asserted a Rule 12(b)(6) defense of failure to state a claim upon which relief can be granted. *See* ECF No. [11] at 1. And, Defendant did so on July 29, 2024, *see generally* ECF No. [11], so it met the deadline imposed by Rule 81(c), *see* Fed. R. Civ. P. 81(c)(2)(C). Because Defendant presented its defenses under the Rules by July 29 as Rule 81(c)(2) required, *see* Fed. R. Civ. P. 81(c)(2), it did not have to answer by that date. For that reason, Plaintiff's Motion to Compel as it relates to his request that the Court compel Defendant to answer the state-court Complaint, *see* ECF No. [15] at 1, is **DENIED**.

5

Plaintiff's alternative request for default judgment against Defendant fairs no better. *See* ECF No. [15] at 1. Broadly speaking, a clerk's default is warranted only when "a defendant has failed to plead or defend." *See Surtain*, 789 F.3d at 1244; Fed. R. Civ. P. 55(a) (noting that the clerk of court can enter a clerk's default if a defendant "has failed to plead or otherwise defend"). As explained above, while Defendant has not yet pleaded in the form of an answer, it has certainly defended through the filing of its Motion to Dismiss. *See* ECF No. [11]. So Defendant has not "failed to plead or defend," as is required to support even the first step toward a default judgment, which is a clerk's default. *See Surtain*, 789 F.3d at 1244; Fed. R. Civ. P. 55(a). And without satisfying the criteria for the entry of a clerk's default, Plaintiff is not entitled to the final step of a default judgment by the Court. *Id.* For that reason, Plaintiff's Motion to Compel as it relates to his alternate request that the Court enter default judgment against Defendant, *see* ECF No. [15] at 1, is **DENIED**.

Finally, Plaintiff renews his request for the Court to "permit Plaintiff to e-file documents in this case by email to the Court or its judicial assistant or to Defendant's counsel of record," *see* ECF No. [15] at 2, which he previously requested, *see* ECF No. [8], and the Court previously denied, *see* ECF No. [10]. As the Court explained in its Order denying Plaintiff's previous motion for permission to e-file, Plaintiff "is proceeding pro se and is not a member of the Bar or an attorney admitted to practice in the Southern District of Florida." *See* ECF No. [10]. And "[a]ccording to this District's CM-ECF Administrative Procedures, Section 2C, '[p]ro se litigants will not be permitted to register as Users at this time and must file their documents in the conventional manner.'" *See* ECF No. [10] (second alteration in original).

CASE NO. 24-CV-22787-MOORE/Elfenbein

Because Plaintiff is still proceeding pro se, is not a member of the Bar, and is not an attorney admitted to practice in the Southern District of Florida, his Motion to Compel as it relates to his renewed request for permission to e-file documents, *see* ECF No. [15] at 2, is **DENIED**.

### IV. CONCLUSION

For the reasons explained above, the Motion to Compel, **ECF No. [15]**, is **DENIED**.

**DONE and ORDERED** in Chambers in Miami, Florida on September 5, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:   All Counsel of Record

Jonathan Harrington
1701 S.W. 15th Court
Fort Lauderdale, FL 33311
*PRO SE*