**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 24-CV-22787-MOORE/Elfenbein

**JONATHAN HARRINGTON**,

      Plaintiff,

v.

**VERITEXT, LLC**,

      Defendant.

_____/

## OMNIBUS REPORT AND RECOMMENATION

**THIS CAUSE** is before the Court on six pending motions: (1) Defendant Veritext, LLC's Motion to Dismiss *Pro Se* Plaintiff Jonathan Harrington's Complaint (the "Motion to Dismiss"), ECF No. [11]; (2) Plaintiff's Motion to Amend Complaint (the "First Motion to Amend"), ECF No. [31]; (3) Plaintiff's Second Motion to Amend Complaint (the "Second Motion to Amend"), ECF No. [33]; (4) Defendant's Motion to Stay Discovery and All Pre-Trial Deadlines (the "Motion to Stay"), ECF No. [36]; (5) Plaintiff's Request for Hearing (the "Motion for Hearing"), ECF No. [40]; and (6) Plaintiff's Motion to Proceed *In Forma Pauperis* (the "IFP Motion"), ECF No. [53]. The Honorable K. Michael Moore referred this case to me "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." ECF No. [6].  For the reasons explained below, I respectfully **RECOMMEND** that the Second Motion to Amend, **ECF No. [33]**, be **GRANTED**; the IFP Motion, **ECF No. [53]**, be **DENIED**; and the Motion to Dismiss, **ECF No. [11]**, the First Motion to Amend, **ECF No. [31]**, the Motion to Stay, **ECF No. [36]**, and the Motion for Hearing, **ECF No. [40]**, all be **DENIED as MOOT**.

## I.      BACKGROUND

On June 10, 2024, Plaintiff filed a state-court action against Defendant in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida.  *See* ECF No. [1-2].  About six weeks later, Defendant removed Plaintiff's state-court action to this Court based on diversity of citizenship.[1]  *See* ECF No. [1].  A week after that, Defendant filed the Motion to Dismiss.  *See* ECF No. [11].  In the Motion to Dismiss, Defendant argues that the Complaint fails to state a claim upon which relief can be granted both because it is a "shotgun pleading" in violation of Federal Rules of Civil Procedure 8 and 10 and because it fails to state a cause of action sufficient to comply with Supreme Court precedent.[2]  *See* ECF No. [11] at 1–11.

On September 10, 2024, Plaintiff filed the First Motion to Amend, ECF No. [31], followed three days later by the Second Motion to Amend, ECF No. [33].  In both motions, Plaintiff asks the Court for permission to "amend his complaint for clarity and to allege more crimes and causes of action against" Defendant.  *See* ECF No. [31] at 1; ECF No. [33] at 1.  Plaintiff explains that the Second Motion to Amend differs from the First Motion to Amend because it "seeks to add a claim of entitlement to punitive damage" that was not present in the first proposed Amended Complaint.  *See* ECF No. [33] at 1; *compare* ECF No. [33-1] at 25, *with* ECF No. [31] at 25–26.

Defendant filed a Response in Opposition to Plaintiff's First and Second Motions to Amend (the "Response").  *See* ECF No. [37].  In the Response, Defendant argues that the Court should deny both Motions to Amend because the proposed Second Amended Complaint, ECF No. [33-1], "fails to state a single cause of action, attempts to state claims that are barred by litigation

---

[1] Plaintiff also has filed a "Motion for the Court to Cede Jurisdiction," ECF No. [9], which will be addressed in a separate Report and Recommendation.

[2] After briefing on the Motion to Dismiss concluded, Plaintiff filed the Motion for Hearing, in which he requested that the Court grant a hearing to "examine the merits" of the motion. *See* ECF No. [40].

privilege, and fails to comply with Fed. R. Civ. P. Rules 8(a)(2) and 10(b)."  *See* ECF No. [37] at 2.  Plaintiff thereafter filed a Reply to Defendant's Response, reiterating the new claims he wished to add and pointing to where allegations in support of those claims could be found in the proposed Second Amended Complaint.  *See generally* ECF No. [41].

On the same day it filed the Response, Defendant also filed the Motion to Stay, asking the Court to "stay discovery and all pre-trial deadlines pending resolution of Defendant's Motion to Dismiss."  *See* ECF No. [37] at 1.  Defendant argues a stay is warranted because its Motion to Dismiss is dispositive, can be decided on questions of law without regard to facts, and "can substantially narrow the scope of discovery in this case and prevent the parties from incurring unnecessary costs."  *See* ECF No. [37] at 5.  For that reason, "Defendant believes good cause exists to warrant a stay of all discovery, as well as all pre-trial deadlines, pending the Court's ruling on its dispositive motion."  *See* ECF No. [37] at 4.

Finally, Plaintiff filed the IFP Motion, in which he asks the Court to "allow him to proceed *in forma pauperis*" ("IFP"), to appoint a person to administer oaths and take testimony pursuant to Rule 28(a)(1)(B), and to "assign a quiet space in the courthouse for taking depositions."  *See* ECF No. [53] at 1.  He notes that a potentially analogous Local Rule governing criminal matters requires the Court to consider a party's "constitutional rights and financial condition" when deciding an IFP motion.  *See* ECF No. [53] at 1.  He argues that he "enjoys the constitutional right to equal justice" and "is close to indigent."  *See* ECF No. [53] at 1–2.  Plaintiff also includes a "comprehensive accounting of his finances," which shows that he has a combined $202,000 of equity in his house and vehicle, nearly $20,000 in stocks and bank accounts, roughly $6,550 of credit card debt, and $3,550 in monthly expenses. *See* ECF No. [53] at 2. He notes that he anticipates an income of $14 to $22 per hour and is "currently applying for disability benefits."

*See* ECF No. [53] at 2.

## II.    LEGAL STANDARDS

### A.  Amending a Pleading

"A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

"An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (quotation marks omitted); *see also Fritz v. Std. Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). "An amended complaint supersedes the original complaint, and thus renders moot a motion to dismiss the original complaint."  *S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1287 n.1 (N.D. Ga.), order clarified, 15 F. Supp. 3d 1329 (N.D. Ga. 2013); *see also Rios v. Bakalar & Assocs., P.A.*, 795 F. Supp. 2d 1368, 1370 (S.D. Fla. 2011) (denying motion to dismiss initial complaint as moot when plaintiff filed an amended complaint); *Pro Transp., Inc. v. Great Am. Ins. Co.*, No. 17-CV-20724-KMM, 2017 WL 5668110, at *2 (S.D. Fla. Oct. 13, 2017) (same).

### B.  Requests for Hearing

"No hearing will be held on motions unless set by the Court."  S.D. Fla. L.R. 7.1(b)(1); *see also Little League Baseball, Inc. v. Kaplan*, No. 08-60554-CIV, 2008 WL 11333120, at *2 n.1

(S.D. Fla. Oct. 30, 2008). "The Court in its discretion may grant or deny a hearing as requested, upon consideration of both the request and any response thereto by an opposing party." S.D. Fla. L.R. 7.1(b)(2).

### C.  Motions to Stay Discovery

"[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).  One kind of challenge courts should resolve "before discovery begins" is a "[f]acial challenge[] to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief." *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote omitted). "While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021) (quotation marks omitted).

### D.  Proceeding *In Forma Pauperis*

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915.  "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

The Eleventh Circuit has "observed that a trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915. This is especially true, the rubric goes, in civil cases for damages, wherein the courts should grant the privilege sparingly." *Id.* at 1306 (citation omitted). "When considering a motion filed pursuant to § 1915(a), the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Id.* at 1307 (alterations adopted, quotation marks and footnote omitted). "An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338–40 (1948)).

"Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* (footnote omitted). "In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements." *Id.* "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Id.* (alterations adopted).

### E.  Procedural Requirements for Depositions

In most cases, a "party may, by oral questions, depose any person, including a party, without leave of court." *See* Fed. R. Civ. P. 30(a)(1). "The party who notices the deposition must state in the notice the method for recording the testimony" and "bears the recording costs." Fed. R. Civ. P. 30(b)(3)(A). "Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28." Fed. R. Civ. P. 30(b)(5)(A). "Within the United States . . . a deposition must be taken before: (A) an officer authorized to administer

oaths either by federal law or by the law in the place of examination; or (B) a person appointed by the court where the action is pending to administer oaths and take testimony." Fed. R. Civ. P. 28(a)(1). "Unless the court orders otherwise, the parties may stipulate" that "a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified — in which event it may be used in the same way as any other deposition." Fed. R. Civ. P. 29(a).

### F. Discovery Costs for IFP Litigants

When a litigant is granted IFP status, the Court takes on some of the litigation expenses a party typically bears. *See* 28 U.S.C. § 1915(c)–(e); *Love v. Hall*, No. CV 1:20-00588-JB-N, 2021 WL 12159341, at *2 (S.D. Ala. Oct. 5, 2021) ("Because [Defendant] has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915, the Court is responsible for serving subpoenas."). But the Court does not take on all of an indigent litigant's expenses; the Court does not, for example, "advance or waive . . . on behalf of indigent litigants" the fees a party must pay under Rule 45 to a witness being deposed. *See Love*, 2021 WL 12159341, at *2 & n.5; Fed. R. Civ. P. 45(b)(1). That makes sense because the "established rule is that the expenditure of public funds is proper only when authorized by Congress." *United States v. MacCollom*, 426 U.S. 317, 321, (1976) (recognizing that a statute authorizing the "furnishing [of] transcripts at public expense" in specifically enumerated situations is a "limited grant of authority to the courts to authorize the expenditure of public funds" in only those situations); *see also Love*, 2021 WL 12159341, at *2 n.5 ("Although the plain language of section 1915 provides for service of process for an indigent's witnesses, it does not waive payment of fees or expenses for those witnesses. The Supreme Court has declared that the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress." (alterations adopted, quotation marks omitted)).

### III.  DISCUSSION

#### A.  First and Second Motions to Amend (ECF No. [31] and ECF No. [33])

Because the disposition of Plaintiff's First and Second Motions to Amend resolve most of the other motions, the Court begins its analysis there.  As an initial matter, the Court notes that the First Motion to Amend and the Second Motion to Amend were filed within three days of each other and that Plaintiff filed the Second Motion to Amend while the First Motion to Amend was still pending.  The Court also notes that the Second Motion to Amend differs from the First Motion to Amend in only one way — it explicitly adds a claim for punitive damages.  Because the Second Motion to Amend contains all of the First Motion to Amend and more, the Second Motion to Amend essentially superseded the First Motion to Amend.  *Cf. Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006).  For these reasons, I respectfully **RECOMMEND** that the First Motion to Amend, **ECF No. [31]**, be **DENIED as MOOT**.

Turning to the Second Motion to Amend, as noted above, it seeks to amend the Complaint "for clarity and to allege more crimes and causes of action against" Defendant.  *See* ECF No. [33] at 1.  In addition to making certain "clarity and style" changes, the Second Motion to Amend adds claims for civil rights violations under 42 U.S.C. § 1983, bribery, unjust enrichment, conversion, intentional infliction of emotional distress, invasion of privacy, defamation, prejudgment interest, and punitive damages.  *See generally* ECF No. [33].

Because Plaintiff sought to amend the Complaint on September 10, which is more than 21 days after Defendant filed the Motion to Dismiss on July 29, the proposed Second Amended Complaint may not go forward without Defendant's "written consent" or the Court's leave.  *See* Fed. R. Civ. P. 15(a)(1)–(2).  Defendant opposes the Second Motion to Amend, *see* ECF No. [37], so it certainly has not given its written consent.  In fact, Defendant argues that the Second Motion

to Amend should be denied because the proposed Second Amended Complaint, ECF No. [33-1], fails to state any causes of action, attempts to bring barred claims, and is a shotgun pleading. *See* ECF No. [37] at 2.

While Defendant's arguments may eventually prove true, the Federal Rules are clear that the Court "should freely give leave" to amend a pleading "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). And it is a well-established principle that the Court liberally construes documents *pro se* plaintiffs file. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that a "document filed *pro se* is to be liberally construed" (quotation marks omitted)). After reviewing the proposed Second Amended Complaint, the undersigned cannot yet say that Plaintiff's amendments are futile. *See, e.g.*, *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (noting that a court does not abuse its discretion when denying a motion for leave to amend "when the amendment would prejudice the defendant, follows undue delays, or is futile").

And, Plaintiff has not abused the process to amend the Complaint. Although he filed the First and Second Motions to Amend, he did so within three days of one another, causing the Second Motion to Amend to moot the first one before it could be ruled on. Additionally, the request to amend the Complaint is timely under the Court's Scheduling Order, which requires that "all motions to amend the pleadings or to join additional parties . . . be filed by the later of forty-five (45) days after the date of entry of this Order, or forty-five (45) days after the first responsive pleading by the last responding defendant." ECF No. [22]. Plaintiff filed his First and Second Motion to Amend within 14 days of the entry of the Scheduling Order, which is well within the timeframe for amendment of the pleadings. The Court, therefore, concludes that allowing Plaintiff to file the Second Amended Complaint would not prejudice Defendant and doing so comports with the spirit of Rule 15(a)(2) by freely giving leave to amend when justice so requires. For these

reasons, I respectfully **RECOMMEND** that the Second Motion to Amend, **ECF No. [33]**, be

**GRANTED**.[3]

### B. Motion to Dismiss (ECF No. [11]), Motion for Hearing (ECF No. [40]), and Motion to Stay (ECF No. [36])

Because the undersigned recommends that the Second Motion to Amend be granted, the

Second Amended Complaint, ECF No. [33-1], supersedes the original Complaint, ECF No. [1-2].

*Dresdner Bank*, 463 F.3d at 1215; *Fritz*, 676 F.2d at 1358.  And because Defendant's Motion to

Dismiss is directed at the no-longer-operative Complaint, *see* ECF No. [11], it is now moot.  *Rios*,

795 F. Supp. 2d at 1370; *S. Pilot Ins. Co.*, 15 F. Supp. 3d at 1287 n.1; *Pro Transp., Inc.*, 2017 WL

5668110, at *2.  Accordingly, I respectfully **RECOMMEND** that the Motion to Dismiss, **ECF**

**No. [11]**, be **DENIED as MOOT**.

Similarly, because the Motion for Hearing sought to "examine the merits" of the now-moot

Motion to Dismiss, *see* ECF No. [40], it too is moot.  *See* S.D. Fla. L.R. 7.1(b)(1)–(2); *Kaplan*,

2008 WL 11333120, at *2 n.1.  For that reason, I respectfully **RECOMMEND** that the Motion

for Hearing, **ECF No. [40]**, be **DENIED as MOOT**.

Turning to the Motion to Stay, as noted above, to evaluate whether a motion to stay should

be granted, the Court must take a preliminary peek at the merits of the motion to dismiss to see if

it appears to be clearly meritorious and truly case dispositive.  *See Cuhaci*, 540 F. Supp. 3d at

1187.  But because the undersigned recommends that the Motion to Dismiss be denied as moot, if

the recommendation is adopted, no motion to dismiss would be pending.  Without a pending

motion to dismiss, the Court has no way to conduct a "preliminary peek" and evaluate the

---

[3] The undersigned notes, however, that *pro se* parties like Plaintiff must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *See, e.g.*, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  To the extent the Second Amended Complaint fails to comply with Rules 8 and 10, those deficiencies ultimately may subject it to dismissal. *Cf. Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015); *Campbell*, 166 F.3d at 1162.

likelihood of success on the motion to dismiss to determine whether a stay of discovery would be appropriate.  *See id*; *Dayem v. Chavez*, No. 13-62405-CIV, 2014 WL 12588513, at *1 (S.D. Fla. Mar. 11, 2014) (explaining that a court may stay discovery pending the resolution of a motion if such resolution will dispose of the entire case, and in order to determine whether there is a strong likelihood that the motion will be granted, thereby eliminating the need for discovery, the trial court "must take a preliminary peek at the merits of the motion").  Accordingly, I respectfully **RECOMMEND** that the Motion to Stay, **ECF No. [36]**, be **DENIED as MOOT**.

### C.  IFP Motion (ECF No. [53])

Turning finally to Plaintiff's IFP Motion, the undersigned notes that it arises in an unusual posture.  While litigants typically file IFP motions at the outset of a case, Plaintiff has filed his IFP Motion several months into this action.  And unlike the typical IFP motion, which seeks relief from paying the initial filing fees associated with bringing a federal lawsuit, Plaintiff's IFP Motion seeks relief from the costs associated with taking and recording deposition testimony.  *See* ECF No. [53] at 1 (asking the Court to appoint a person to administer oaths and take testimony pursuant to Rule 28(a)(1)(B), and to assign a quiet space in the courthouse for taking depositions).

Setting aside for a moment the atypical posture, the Court may grant Plaintiff's IFP Motion if the statements in his affidavit satisfy the requirement of poverty.  *Martinez*, 364 F.3d at 1307. While the affidavit need not show that Plaintiff is absolutely destitute to qualify for indigent status under § 1915, it must, at minimum, show that, because of his poverty, he is unable to pay for the court fees and costs and to support and provide necessities for himself and his dependents. *Id.* Plaintiff's affidavit fails to do so here.

The Court starts its analysis by looking at the Department of Health and Human Services ("HHS") poverty guidelines as these are central to an assessment of an applicant's poverty.  *See*

*Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as the basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines); *see also* Annual Update of the HHS Poverty Guidelines, 89 Fed. Reg. 2961 (Jan. 17, 2014).   Further, the section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *See Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014).

In the state-court financial application Plaintiff attached to the IFP motion, he avers that he has no dependents, *see* ECF No. [53] at 4; thus, the Court must consider the poverty table as it relates to a one-person household.   According to the 2024 HHS poverty table, a one-person household meets the poverty threshold with an annual income of $15,060 or less.  *See* 89 Fed. Reg. 2961.   Here, Plaintiff's income and assets far exceed the poverty guidelines.   His IFP Motion shows that he has a combined $202,000 of equity in his house and vehicle and nearly $20,000 in stocks and bank accounts.  *See* ECF No. [53] at 2.   It also notes that he anticipates an income of $14 to $22 per hour and is currently applying for disability benefits.  *See* ECF No. [53] at 2. The application attached to the IFP Motion estimates a current monthly income of $1,450 per month, *see* ECF No. [53] at 4, which is an annual income of $17,400 per year.   When looking at Plaintiff's significant assets in the form of equity in real estate, his vehicle, and stocks, and his income set against Plaintiff's roughly $6,550 of credit card debt and $3,550 in monthly expenses, *see* ECF No. [53] at 2, Plaintiff's comprehensive accounting is not sufficient on its face to demonstrate economic eligibility.  *See Martinez*, 364 F.3d at 1307.   Indeed, Plaintiff himself admits that he "is close to indigent," not actually indigent.  *See* ECF No. [53] at 1–2.

As a result, Plaintiff does not qualify for indigent status in this civil action.[4]  See *Martinez*, 364 F.3d at 1306 (noting that, in civil cases for damages, courts should grant the privilege of IFP status sparingly).  For that reason, I respectfully **RECOMMEND** that the IFP Motion, **ECF No. [53]**, be **DENIED.**

IV.     **CONCLUSION**

For the reasons explained below, I respectfully **RECOMMEND** that:

1.      the First Motion to Amend, **ECF No. [31]**, be **DENIED as MOOT**;

2.      the Second Motion to Amend, **ECF No. [33]**, be **GRANTED**;

3.      the Motion to Dismiss, **ECF No. [11]**, be **DENIED as MOOT**;

4.      the Motion for Hearing, **ECF No. [40]**, be **DENIED as MOOT**;

5.      the Motion to Stay, **ECF No. [36]**, be **DENIED as MOOT**; and

6.      the IFP Motion, **ECF No. [53]**, be **DENIED**.

The Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge.  Failure to timely file objections shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790,

---

[4] Even if Plaintiff qualified for IFP status, the Court likely still could not grant him the relief he seeks. While the Eleventh Circuit has not yet addressed the issue, a district court in this Circuit explained that IFP status does not confer the right to have the Court pay or waive costs — like deposition witness fees — that are not specifically enumerated in § 1915. *See Love*, 2021 WL 12159341, at *2 & n.5. The costs Plaintiff wishes to have the Court pay or waive here — those associated with the deposition officer Rule 30 requires, *see* Fed. R. Civ. P. 30(b) — are more like deposition witness fees than initial filing fees, subpoena service, or transcripts in habeas proceedings. *See Love*, 2021 WL 12159341, at *2 & n.5.

CASE NO. 24-CV-22787-MOORE/Elfenbein

794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on November 1, 2024.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

Jonathan Harrington
1701 S.W. 15th Court
Fort Lauderdale, FL 33311
*PRO SE*

14