UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-22787-MOORE/Elfenbein

**JONATHAN HARRINGTON**,

    Plaintiff,

v.

**VERITEXT, LLC**,

    Defendant.

_____/

**ORDER FOLLOWING DISCOVERY HEARING**

**THIS CAUSE** is before the Court on two Notices of Hearing: (1) *Pro se* Plaintiff Jonathan Harrington's Notice of Hearing ("Plaintiff's Notice"), *see* ECF No. [113]; ECF No. [121]; ECF No. [126]; and (2) Defendant Veritext, LLC's Notice of Hearing ("Defendant's Notice"), ECF No. [123].

In Plaintiff's Notice, Plaintiff alerted the Court that the Parties required the Court's assistance with six discovery disputes. *See* ECF No. [113]; ECF No. [121]. Plaintiff then amended his notice to add two more discovery disputes, bringing his total to eight. *Compare* ECF No. [126] at 1, *with* ECF No. [121] at 1. Specifically, Plaintiff identified the "following discovery issues": (1) "Entry of a protective order under Fed. R. Civ. P 26(c)(1) from improper discovery"; (2) "Entry of an order compelling a discovery response under Rule 37(a)(3)(B)(i)-(iv)"; (3) "Sanctions under Rule 37(b)(2)(A) for willful and flagrant disobedience of the Court's Order Setting Discovery Procedures"; (4) "Sanctions for failure to disclose, supplement, or admit under Rule 37(c)(1)-(2)"; (5) "Sanctions for Defendant's to preserve ESI under Rule 37(e)"; (6) "Determination, under Rule 36(a)(6), of the sufficiency of answers Defendant provided in response to requests for admission";

(7) "Entry of an order under Fed. R. Civ. P. 37(a)(3)(B)(iii) compelling answers to interrogatories submitted"; and (8) "Entry of an order under Fed. R. Civ. P. 33(a)(1) permitting Plaintiff to serve more written interrogatories, as the Court deems just, given Defendant's responses." *See* ECF No. [126] at 1.

In Defendant's Notice, Defendant alerted the Court that the Parties required the Court's assistance with two discovery disputes. *See* ECF No. [123]. Specifically, Defendant identified "the following discovery issues": (1) "Defendant's Motion for Protective Order related to Plaintiff's Third Request for Production"; and (2) "Defendant's Motion to Compel Plaintiff's Deposition to Commence no Later Than 10am During Workweek (Monday through Friday) Between January 20, 2025 and February 7, 2025." *See* ECF No. [123] at 1.

The Court held a hearing on the issues in both Notices on December 23, 2024 (the "Hearing"). *See* ECF No. [110]; ECF No. [127]. At the Hearing, Plaintiff clarified that he was unsatisfied with Defendant's responses to his First and Second Sets of Interrogatories, his First Set of Requests for Production, and his Requests for Admission. Plaintiff also made four Oral Motions: (1) an Oral Motion to Compel Better Answers to his First Set of Interrogatories ("Plaintiff's Interrogatory Motion"), ECF No. [138]; (2) an Oral Motion to Compel Better Answers to his First Set of Requests for Production ("Plaintiff's RFP Motion"), ECF No. [139]; (3) an Oral Motion to Compel Better Answers to his Requests for Admission ("Plaintiff's RFA Motion"), ECF No. [140]; and (4) an Oral Motion for Sanctions under Federal Rule of Civil Procedure 37 ("Plaintiff's Rule 37 Motion"), ECF No. [141].

For its part, Defendant noted that it was having difficulty fulfilling the Court's required conferral process because Plaintiff had been refusing to confer in real time by phone or in person, instead limiting the Parties' conferrals to email exchanges. Defendant clarified that the Parties had

not been able to agree on the date of Plaintiff's deposition, with which it asked the Court's assistance, and that it wanted a protective order because Plaintiff's requests were oppressive and burdensome. Defendant also made two Oral Motions: (1) an Oral Motion for Protective Order ("Defendant's Motion for Protective Order"), ECF No. [142]; and (2) an Oral Motion for an Extension of Time to Respond to Plaintiff's Second Set of Requests for Production ("Defendant's Motion for Extension"), ECF No. [143].

The Court ruled on all six Oral Motions at the Hearing. To memorialize those rulings and to provide further clarification, it is **ORDERED and ADJUDGED** as follows:

### Plaintiff's Interrogatory Motion, ECF No. [138]

To begin, Plaintiff initially argued that Defendant's responses to Interrogatory Numbers 7, 8, and 14 were insufficient. After in-Court discussions, however, he agreed that Defendant's supplemented answer to Interrogatory Number 7 cured his issues with that response. He also agreed that Interrogatory Number 8 did not ask for the information he was arguing Defendant had failed to provide, specifically who stamped the relevant transcript. And he agreed that the Parties' meet and confer as to Interrogatory Number 14 was inadequate and that, because it was, he would withdraw his request to compel a better answer to that Interrogatory. Accordingly, as to Interrogatory Numbers 7, 8, and 14, Plaintiff's Interrogatory Motion is **DENIED as MOOT**.

As to Interrogatory Numbers 4, 12, and 15, Plaintiff's Interrogatory Motion is **DENIED**. As to Interrogatory Number 4, the Court agrees with Defendant that the information Plaintiff requests is not relevant to any claim or defense in this case, which arises out of Plaintiff's allegation that the transcript Defendant created from Plaintiff's Florida Board of Bar Examiners hearing is inaccurate. That theory of the case does not support a discovery request about the volume of Board hearings or similar proceedings Defendant has transcribed. As a result, Interrogatory Number 4 is

3

not authorized by Rule 26(b)(2). As to Interrogatory Number 12, Defendant has fully answered, and Plaintiff has not shown that Defendant's answer is untrue. And as to Interrogatory Number 15, the Court agrees with Defendant that the interrogatory is vague, as it fails to identify the "dozens of words and symbols" about which it seeks information.

As to Interrogatory Number 3, Plaintiff's Interrogatory Motion is **GRANTED in part and DENIED in part**. Defendant must provide an answer as it relates to the software it used in Plaintiff's Florida Board of Bar Examiners hearing, as that information is within the scope of relevant inquiry Rule 26(b)(1) allows. Defendant need not, however, provide an answer as it relates to the software Defendant used in any other hearing Defendant transcribed or as it relates to the software any of Defendants' competitors use, as those details are not relevant under Rule 26(b)(1).

Finally, as to Interrogatory Number 13, Plaintiff's Interrogatory Motion is **GRANTED**. As Defendant explained at the Hearing, Mabel Ruano was the person involved in generating the transcript Defendant created from Plaintiff's Florida Board of Bar Examiners hearing, but someone else within the company generated the index. Despite that labor division, Defendant's response to Interrogatory Number 13 identified only Mabel Ruano. Defendant must supplement its response to answer to Interrogatory Number 13 more fully as it relates to the index portion of the transcript.

Accordingly, as explained above, Plaintiff's Interrogatory Motion, **ECF No. [138]**, is **GRANTED in part and DENIED in part**.[1] Defendant must provide better responses for Interrogatory Numbers 3 and 13 **no later than January 13, 2025**.

---

[1] Plaintiff also briefly challenged Defendant's responses to his Second Set of Interrogatories, including Interrogatory 3, which asks about "end of cell characters" and to which Defendant answered it did not know what Plaintiff meant by "end of cell characters." After the Court clarified that Defendant's responses are its official position unless it later supplements them as required by Rule 26(e), Plaintiff did not press his challenges to Defendant's responses to his Second Set of Interrogatories.

CASE NO. 24-CV-22787-MOORE/Elfenbein

**Plaintiff's RFP Motion, ECF No. [139]**

To begin, Plaintiff initially argued that Defendant's responses to Request for Production Numbers 3 and 6 were insufficient. At the Hearing, Defendant explained the steps it took to comply with Request for Production Number 3, including asking the relevant actors to search their inboxes, and offered to perform a search for electronically stored information ("ESI") if Plaintiff would pay part of the cost. Plaintiff declined to pay for an ESI search and instead agreed to accept Defendant's response to Request for Production Number 3 as it is.

Plaintiff also agreed that the Parties' meet and confer as to Request for Production Number 6 was inadequate and that, because it was, he would withdraw his request to compel a better response to allow the Parties to have a more productive meeting. The Court instructed Plaintiff to show Defendant the information or documents he has during the subsequent meeting, which he believes are missing from the production, so that Defendant can look for any such items. Defendant also agreed to produce everything it produced in response to Request for Production Number 6 again, but this time, in native format as Plaintiff requested. Accordingly, as to Request for Production Numbers 3 and 6, Plaintiff's RFP Motion is **DENIED as MOOT**.

As to Request for Production Number 9, Plaintiff's RFP Motion is **DENIED**. The Court agrees with Defendant that Request for Production Number 9 does not seek the production of documents or things as Rule 34(a) allows. Instead, it asks for blanket access to inspect Defendant's computer system, which is a wholly inappropriate fishing expedition that the Court will not permit.

As to Request for Production Number 11, Plaintiff's RFP Motion is **GRANTED in part**. At the Hearing, Plaintiff explained that this Request seeks documents or things connecting Mabel Ruano to the Hyatt Regency Hotel, which is where Plaintiff's Florida Board of Bar Examiners hearing occurred on October 20, 2023. With that narrowing and clarification, Defendant agreed

to supplement its response. Accordingly, Defendant must produce any emails, correspondence, or other documents showing Ruano was at, or told by Defendant to go to, the Hyatt Regency Hotel on October 20, 2023. Defendant need not, however, produce anything related to any other date in 2023.

Finally, as to Request for Production Numbers 4 and 12, Plaintiff's RFP Motion is **GRANTED**. As to Request for Production Number 4, the production Plaintiff seeks is relevant to his theory of the case as framed by the pleadings, specifically that Mabel Ruano was not the court reporter present at his Florida Board of Bar Examiners hearing. As a result, Defendant must produce any contracts or other writings that would evidence the existence of a contractual relationship between Ruano and Defendant for Plaintiff's October 20, 2023 hearing. As to Request for Production Number 12, Defendant must produce any responsive documents or things in their native format.

Accordingly, as explained above, Plaintiff's RFP Motion, **ECF No. [139]**, is **GRANTED in part and DENIED in part**. Defendant must provide better responses for Request for Production Numbers 4, 11, and 12 **no later than January 13, 2025**.

### Plaintiff's RFA Motion, ECF No. [140]

At the Hearing, Plaintiff argued that Defendant's responses to Request for Admission Numbers 10 and 11 were insufficient. As to Request for Admission Number 10, the Court disagrees. Request for Admission Number 10 asks Defendant to make a comparison between two documents; it does not ask for an admission or a denial, so it does not comply with the Rule 36(a). As a result, as to Request for Admission Number 10, Plaintiff's RFA Motion is **DENIED**. Moving to Request for Admission Number 11, as written that Request also fails to comply with Rule 36(a) because it asks for both an admission and an explanation. Plaintiff's request for an admission in

the first clause of Request for Admission Number 11 is appropriate, but his request for an explanation in the second clause of Request for Admission Number 11 is akin to an Interrogatory and not a Request for Admission, making it inappropriate. As a result, as to Request for Admission Number 11, Plaintiff's RFA Motion is **GRANTED in part**. Defendant must admit or deny the first clause of Request for Admission Number 11, but Defendant need not respond to the second clause of Request for Admission Number 11.

Accordingly, as explained above, Plaintiff's RFA Motion, **ECF No. [140]**, is **GRANTED in part and DENIED in part**. Defendant must provide better responses for Request for Admission Number 11 **no later than January 13, 2025**.

### Plaintiff's Rule 37 Motion, ECF No. [141]

In Plaintiff's Rule 37 Motion, he asked the Court to impose sanctions against Defendant under Rule 37. He suggested that appropriate sanctions may include an award of fees to him for the time he spent moving to compel better discovery responses or a finding that Defendant is in default based on its current responses. As explained at the Hearing, the Court declines to award any fees or other sanctions.

First, a pro se party is not entitled to attorney's fees, even when that party is an attorney. *DeBose v. USF Bd. of Trustees*, 811 F. App'x 547, 556–57 (11th Cir. 2020) (holding "[a] pro se plaintiff cannot recover attorney's fees for representing herself, even if she is a licensed attorney" in a discrimination suit context under 42 U.S.C. § 1988); *Glenn v. Avala*, No. 5:23-CV-146-MTT-AGH, 2024 WL 5162843, at *1 (M.D. Ga. Sept. 30, 2024) (holding that "to the extent the amount represents attorney's fees, Plaintiff—as a pro se party—is not entitled to recover those" under Federal Rule of Civil Procedure 37).

Further, although Rule 37 allows the Court to award "reasonable expenses" to a party who

makes a successful motion to compel better responses to discovery, *see* Fed. R. Civ. P. 37(a)(5)(A), Rule 37 also allows the Court to decline to award expenses if "circumstances make an award of expenses unjust," *see* Fed. R. Civ. P. 37(a)(5)(A)(iii), or if "the opposing party's nondisclosure, response, or objection was substantially justified," *see* Fed. R. Civ. P. 37(a)(5)(A)(ii).  Thus, even if Plaintiff could recover attorney's fees despite being a pro se litigant, as is clear from the rest of this Order, the Court granted Plaintiff's motions to compel in only small part and determined that Defendant was substantially justified in many of its responses and objections.  Where a party does not secure a complete victory, the Court generally declines to award expenses under Rule 37.  The Court follows that general procedure here. Accordingly, Plaintiff's Rule 37 Motion, **ECF No. [141]**, is **DENIED**.

### Defendant's Motion for Protective Order, ECF No. [142]

At the Hearing, Defendant noted that Plaintiff's Third Set of Requests for Production contains 8 pages of instructions and definitions before the actual Requests and that some of the Requests are more than a page long. Defendant argued that the instructions essentially ask Defendant to read Plaintiff's mind to decipher what exactly he is seeking.  As a result, Defendant argued that Plaintiff's Third Set of Requests for Production do not comply with Rule 34 because they are onerous and too long. The Court agrees.

As Defendant highlighted, Plaintiff's Third Set of Requests for Production contain 8 full pages of instructions and definitions. Those eight pages are densely packed with single-spaced sentences in very small font.  That is certainly not within the spirit of Rule 34, which itself includes all the instructions the Parties need to propound and respond to Requests for Production.  As a result, the Court finds that Plaintiff's Third Set of Requests for Production are oppressive and

burdensome and that a protective order is warranted.[2]

Defendant noted at the Hearing that it attempted to resolve this issue by offering that Plaintiff propound ten additional Requests for Production to replace his Third Set of Requests for Production — an offer Plaintiff declined. After discussion, however, Plaintiff reconsidered his position and accepted Defendant's offer at the Hearing. Accordingly, Defendant's Motion for Protective Order, **ECF No. [142]**, is **GRANTED**. Defendant does not have to respond to Plaintiff's Third Set of Requests for Production. Instead, Plaintiff may propound ten additional Requests for Production to Defendant. The Court cautions Plaintiff that these are the last Requests for Production he will be permitted to propound as he has already propounded numerous requests to date. The Court also instructs Plaintiff not to add any instructions beyond what Rule 34 requires and to use clear, succinct terms in the Requests themselves.

### Defendant's Motion for Extension, ECF No. [143]

In Defendant's Motion for Extension, Defendant noted its responses to Plaintiff's Second Set of Requests for Production were due on January 2, 2025. Defendant also explained that it asked Plaintiff for a courtesy extension of seven days because of the surrounding holidays and vacation time but that Plaintiff declined to agree to the extension. As a result, Defendant requested that the Court grant it a seven-day extension, which would make its responses due on January 9, 2025.

In response to the Court's questions about why he opposed Defendant's requested

---

[2] Defendant included in its Notice, and discussed at the Hearing, a request for the Court's assistance scheduling Plaintiff's deposition. Defendant explained that it preferred to schedule the deposition in early February 2025 because it needs Plaintiff's medical and financial records before deposing him. Plaintiff noted that after January 6 he is largely unavailable during weekday business hours due to a new job. On questioning from the Court, Plaintiff agreed to make himself available on January 20, 2025, which is a work holiday. As a result, the Court instructed the Parties to try to resolve this issue between themselves and to alert the Court if they cannot reach the resolution and need further Court intervention.

9

extension, Plaintiff argued there was not good cause for an extension. Specifically, he noted that the Court was in session despite it being the holiday season, and he argued counsel should similarly be able to fulfill its discovery obligations during the holiday period.

While the Court appreciates Plaintiff's recognition of its dedication, it agrees with Defendant that taking a few days off for the holidays and associated Court closures[3] provide good cause for the short extension Defendant requests, especially when Plaintiff will not suffer any prejudice from the brief extension. Accordingly, Defendant's Motion for Extension, **ECF No. [143]**, is **GRANTED**. Defendant must respond to Plaintiff's Second Set of Requests for Production by **no later than January 9, 2025**.

**DONE and ORDERED** in Chambers in Miami, Florida on January 9, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

Jonathan Harrington
1701 S.W. 15th Court
Fort Lauderdale, FL 33311
*PRO SE*

---

[3] The Court was closed for 3½ of the 9 days between the Hearing and Defendant's January 2 response deadline.