UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-22787-MOORE/Elfenbein

**JONATHAN HARRINGTON**,

    Plaintiff,

v.

**VERITEXT, LLC,**

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION TO CEDE JURISDICTION**

**THIS CAUSE** is before the Court on *pro se* Plaintiff Jonathan Harrington's ("Plaintiff") Motion for the Court to Cede Jurisdiction[1] (the "Motion to Remand"), ECF No. [9]. The

---

[1] Plaintiff labels his filing as "Florida's Motion for the Court to Cede Jurisdiction." *See* ECF No. [9]. The Court notes two problems with that label. First, despite the label's implication, Plaintiff does not represent the State of Florida's interests in any way — either with this motion or in this lawsuit generally. As a *pro se* party, Plaintiff may (and does) represent only his own interests. *See, e.g.*, *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (noting that "the general provision permitting parties to proceed *pro se*," 28 U.S.C. § 1654, "provide[s] a personal right that does not extend to the representation of the interests of others").

Second, while the filing labels itself a motion to cede jurisdiction, the Court "must determine independently what type of motion" it is by looking at "the type of relief requested," not at how the movant "labels it." *Wright v. Preferred Rsch., Inc.*, 891 F.2d 886, 889 (11th Cir. 1990) (noting that how a court "categorize[s]" a motion is "not determined by" the title the movant gives it); *see also, e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (agreeing that "a pleading, although labeled" one way, "should be treated according[]" to its "substance"); *Livernois v. Med. Disposables, Inc.*, 837 F.2d 1018, 1021 & n.8 (11th Cir. 1988) (noting that a litigant's "fail[ure] to label the motion correctly does not change the treatment it receives from" the court and that a litigant's use of "a phrase found in the text" of a Federal Rule of Civil Procedure "does not mean that" the motion has been brought under that Rule); *Weinhold v. Carolina Pres. Partners*, No. 8:17-CV-2672-T-35, 2018 WL 11486306, at *4 (M.D. Fla. Nov. 14, 2018) (noting that the "title of a motion is not dispositive evidence of the filing's true nature and content"). Plaintiff argues within the motion that this case "demands remand," ECF No. [9] at 4, and asks the Court to "decline . . . to invoke its subject matter jurisdiction" so that Florida can use its "concurrent judicial power" to "hear the case," ECF No. [9] at 1, 5. Because the type of relief Plaintiff requests is a remand to the state court, the Court construes the motion as a Motion to Remand to State Court.

Honorable K. Michael Moore referred this case to me "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." ECF No. [6]. For the reasons explained below, I respectfully **RECOMMEND** that the Motion to Remand, **ECF No. [9]**, be **DENIED**.

I. BACKGROUND

On June 10, 2024, Plaintiff filed a state-court action against Defendant Veritext, LLC ("Defendant") in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. *See* ECF No. [1-2]. Plaintiff's state court complaint sought $500,000,000 in damages in connection with a transcript Defendant produced of a Florida Board of Bar Examiners hearing that occurred in Miami-Dade County. *See* ECF No. [1-2] at 2, 31. About six weeks later, on July 22, 2024, Defendant removed Plaintiff's state-court action to this Court based on diversity of citizenship. *See* ECF No. [1]. In its Notice of Removal, Defendant asserted that Plaintiff resides in Fort Lauderdale, Florida and is a citizen of Florida for diversity purposes. *See* ECF No. [1] at 2. It also asserted that Defendant is a limited liability company whose sole member is a Delaware corporation with a principal place of business in New Jersey and that Defendant is a citizen of Delaware and New Jersey for diversity purposes. *See* ECF No. [1] at 2–3. Defendant noted that Plaintiff is seeking $500,000,000 in damages and that the amount in controversy exceeds $75,000. *See* ECF No. [1] at 3.

After Defendant removed the action, Plaintiff filed the Motion to Remand. *See* ECF No. [9]. In the Motion to Remand, he asks the Court "to decline" Defendant's "request to invoke its subject matter jurisdiction" and "to recede from jurisdiction over" this case. *See* ECF No. [9] at 1, 5. Plaintiff admits "[t]his Court has subject matter jurisdiction," but he asserts it "should decline to use it." *See* ECF No. [9] at 1.

As support for that relief, Plaintiff notes that this Court and Florida's state courts have "concurrent judicial power" over this lawsuit. *See* ECF No. [9] at 1 (acknowledging this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1)). But he argues that "[p]recedent and prudence counsel this Court to let Florida defend her courts' honor" because Defendant "attacked the legitimacy of Florida's courts", not federal courts, and the "sovereign suffering the wrong should be afforded the first chance to right it." *See* ECF No. [9] at 1, 4. He also argues that Defendant will not be "burdened at all by litigating in a Miami-Dade courthouse instead of a nearby federal court" but that he (Plaintiff) will be burdened because he "cannot acquire e-filing access . . . in this forum, rendering it remarkably inconvenient and considerably less effective."[2] *See* ECF No. [9] at 3.

Defendant responds that, because Plaintiff admits this Court has jurisdiction, he appears to be relying on an abstention doctrine to support his request for remand to state court. *See* ECF No. [16] at 2. Defendant argues that no abstention doctrine applies here because "Plaintiff has not presented a federal constitutional issue";[3] the Florida common laws under which Plaintiff brings his claims "are well settled and do not implicate substantial problems of public policy"; "there is

---

[2] Along with his prudential arguments, Plaintiff appears to argue that Florida state courts have personal jurisdiction over Defendant. *See* ECF No. [9] at 2–4 (discussing well-known personal-jurisdiction precedent and concepts such as "minimum contacts," the reasonable foreseeability of being haled into Florida state court, "fair play," and "substantial justice"). But whether *Florida* courts have personal jurisdiction over Defendant is not a critical question in a motion to remand; the important questions are whether the *federal* court has personal and subject-matter jurisdiction over the parties. *See, e.g.*, 28 U.S.C. § 1447(c) (requiring remand if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction"); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them.").

[3] When Defendant responded to the Motion to Remand, the Complaint did not include any federal claims. *See* ECF No. [1-2]. The Court has since allowed Plaintiff to amend the complaint, *see* ECF No. [73]; ECF No. [88], and the Amended Complaint now includes one federal claim, *see* ECF No. [92] at 21–22 (alleging deprivation of rights under color of law under 42 U.S.C. § 1983).

3

no related criminal proceeding"; there is no property involved; the federal forum is physically near the evidence and witnesses; there is no risk of piecemeal litigation; the state court and the federal court obtained jurisdiction at roughly the same time; the case does not involve complex questions of state law; and the federal court can adequately protect Plaintiff's rights. *See* ECF No. [16] at 2–5. Plaintiff did not file a reply, and the time to file one has passed. As a result, the Motion to Remand is now ripe for decision.

## II.   LEGAL STANDARDS

### A.   Removal and Remand

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have "original jurisdiction in federal-question cases — civil actions that arise under the Constitution, laws, or treaties of the United States" — and, if the amount in controversy exceeds $75,000, "in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *see also* 28 U.S.C. §§ 1331–32. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B.   Jurisdiction in Removed Cases

"[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a

4

preponderance of the evidence, facts supporting the existence of federal jurisdiction.").

### 1. Subject-Matter Jurisdiction

A "court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction." *Id.* "Therefore, when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Id.*

To establish diversity jurisdiction, the record must contain allegations or evidence about the citizenship of each party. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268–69 (11th Cir. 2013); *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 382 (1904) (noting that the "whole record . . . may be looked to, for the purpose of curing a defective averment of citizenship, where jurisdiction in a Federal court is asserted to depend upon diversity of citizenship, and if the requisite citizenship is anywhere expressly averred in the record, or facts are therein stated which, in legal intendment, constitute such allegation, that is sufficient"). That is because "the diversity jurisdiction statute requires *complete* diversity," *see, e.g.*, *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1303 (S.D. Fla. 2016) (emphasis in original), which means "no plaintiff" can be "a citizen of the same state as any defendant," *see Travaglio*, 735 F.3d at 1268.

"Citizenship, not residence, is the key fact . . . to establish diversity for a natural person. For a corporate defendant" the key fact is "either the corporation's state of incorporation or principal place of business." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 188 (1990) (noting that corporations are presumed conclusively to be citizens of their State of incorporation); *Dome v. Celebrity Cruises Inc.*, 595 F. Supp. 3d 1212, 1220 (S.D. Fla. 2022) (noting that, for diversity jurisdiction purposes, corporations

are citizens of every state by which they have been incorporated and of the state where they have their principal place of business). A limited liability company is a citizen of any state of which a member of the company is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). "If there is jurisdiction, then removal is appropriate and the court may proceed to the merits of the case." *Am. Tobacco Co.*, 168 F.3d at 410. But "all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* at 411.

**2. Personal Jurisdiction**

Personal jurisdiction is also required for a court to decide the merits of a removed case. S*ee Ruhrgas AG*, 526 U.S. at 577 ("Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them."). But "[b]ecause the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982); *see also id.* at 704 (noting personal jurisdiction is "a legal right protecting the individual"); *Ruhrgas AG*, 526 U.S. at 583 (noting that "restrictions on a court's jurisdiction over the person are waivable and protect individual rights"); Fed. R. Civ. P. 12(b)(2), (h)(1).

As a result, "a party may insist that the limitation be observed, or he may forgo that right, effectively consenting to the court's exercise of adjudicatory authority." *Ruhrgas AG*, 526 U.S. at 584. "[T]he requirement of personal jurisdiction may be intentionally waived, or for various reasons a defendant may be estopped from raising the issue." *Ins. Corp. of Ireland*, 456 U.S. at 704; *see also id.* at 704–05 ("The actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not."). For example, "the failure to enter a timely objection to personal jurisdiction constitutes, under Rule 12(h)(1), a waiver of the objection." *Id.*

at 705. Unlike subject-matter jurisdiction, which typically is challenged using a motion to remand to state court, personal jurisdiction typically is challenged using a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2). *See, e.g.*, *Ruhrgas AG*, 526 U.S. at 580 (resolving a case in which the defendant "moved to dismiss the complaint for lack of personal jurisdiction" and the plaintiff "moved to remand the case to the state court for lack of federal subject-matter jurisdiction").

### C. Abstention

"Abstention is a determination that the district court should abstain from exercising" its jurisdiction. *Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1285 (11th Cir. 2024) (quotation marks omitted). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Indeed, abstention "rarely should be invoked, because the federal courts have a virtually unflagging obligation to exercise the jurisdiction given them." *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (alteration adopted, quotation marks omitted); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) ("[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress."); *31 Foster Child. v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003).

"The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colo. River*, 424 U.S. at 813 (quotation marks omitted). Indeed, "[a]bdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* "It was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely

7

because a State court could entertain it." *Id.* at 813–14 (alteration adopted, quotation marks omitted).

Before the *Colorado River* decision, the Supreme Court had "confined the circumstances appropriate for abstention to three general categories."[4] *See id.* at 814. The first, known as "*Pullman* abstention," *Gold-Fogel v. Fogel*, 16 F.4th 790, 799 n.11 (11th Cir. 2021), involves "cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law," *Colo. River*, 424 U.S. at 814. The second, known respectively as *Thibodaux* abstention and *Burford* abstention, *Gold-Fogel*, 16 F.4th at 799 n.11, involves cases presenting "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case" or in which the "exercise of federal review" would "be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern", *Colo. River*, 424 U.S. at 814. And the third, known as *Younger* abstention, *Gold-Fogel*, 16 F.4th at 799 n.11, involves cases "where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings; state nuisance proceedings antecedent to a criminal prosecution, which are directed at obtaining the closure of places exhibiting obscene films; or collection of state taxes," *Colo. River*, 424 U.S. at 816 (citations omitted).

"Federal courts abstain out of deference to the paramount interests of another sovereign, and the concern is with principles of comity and federalism." *Quackenbush*, 517 U.S. at 723. The

---

[4] The *Colorado River* decision introduced a fourth type of abstention, which applies "only when concurrent state and federal litigation exists, and the federal litigation does not qualify for abstention under any of the three traditional abstention doctrines." *See Gold-Fogel*, 16 F.4th at 799 (footnote omitted). *Colorado River* abstention covers situations in which "principles of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" allow a federal court not to perform its otherwise virtually unflagging obligation to exercise its jurisdiction. *See id.* at 799–800 (quotation marks omitted). "The circumstances where" *Colorado River* abstention "may be appropriate are considerably limited and exceptional." *See id.* at 800 (alteration adopted, quotation marks omitted).

principles underlying abstention doctrines include avoiding "needless friction with state policies" and furthering the "rightful independence of the state governments," the "smooth working of the federal judiciary," and the "harmonious relation between state and federal authority without the need of rigorous congressional restriction of those powers." *See id.* at 717–18 (quotation marks omitted). When evaluating whether a federal court has properly abstained, the Supreme Court has drawn a distinction "between abstention-based remand orders or dismissals and abstention-based decisions merely to stay adjudication of a federal suit." *Id.* at 720. It has explained that "in cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court." *Id.* at 721. But abstention principles do not "support the outright dismissal or remand of damages actions." *Id.*

### III.   DISCUSSION

As noted above, in the Motion to Remand Plaintiff does not contend that the Court lacks personal or subject-matter jurisdiction over this removed lawsuit. *See* ECF No. [9]. Indeed, Plaintiff admits that "[t]his Court has subject matter jurisdiction" based on diversity of citizenship under § 1332(a)(1) and acknowledges that this Court and Florida state courts enjoy "concurrent judicial power" here. *See* ECF No. [9] at 1. And although he devotes several pages of the Motion to Remand to establishing that Florida state courts have personal jurisdiction over Defendant, *see* ECF No. [9] at 2–4, he does not argue that this Court lacks personal jurisdiction over the Parties, *see generally* ECF No. [9]. Instead, he asserts that "either sovereign may properly hear this case." *See* ECF No. [9] at 1. The Court agrees.

As the removing party, Defendant bears the burden of demonstrating this Court's

jurisdiction. *See Kirkland*, 243 F.3d at 1281 n.5; *Osting-Schwinn*, 613 F.3d at 1085. It has done so. Specifically, Defendant asserted in its Notice of Removal that Plaintiff resides in Fort Lauderdale, which makes him a citizen of Florida for diversity purposes. *See* ECF No. [1] at 2; *Taylor*, 30 F.3d at 1367. Defendant also asserted that it is a limited liability company whose sole member is a Delaware corporation with a principal place of business in New Jersey, which makes Defendant a citizen of Delaware and New Jersey for diversity purposes. *See* ECF No. [1] at 2–3; *Taylor*, 30 F.3d at 1367; *Carden*, 494 U.S. at 188; *Dome*, 595 F. Supp. 3d at 1220; *Rolling Greens*, 374 F.3d at 1022. These assertions demonstrate that there is complete diversity between the Parties, as is required to support diversity jurisdiction. *See Orchid Quay*, 178 F. Supp. 3d at 1303; *Travaglio*, 735 F.3d at 1268–69; *Sun Printing*, 194 U.S. at 382.

Defendant also asserted in its Notice of Removal that Plaintiff is seeking $500,000,000 in damages. *See* ECF No. [1] at 3; ECF No. [1-2] at 31. That assertion is sufficient to demonstrate the other requirement for diversity jurisdiction: that the amount in controversy exceeds $75,000. *See* ECF No. [1] at 3; ECF No. [1-2] at 31; *Exxon Mobil*, 545 U.S. at 552; 28 U.S.C. § 1332. Accordingly, the Court is satisfied that it has subject-matter jurisdiction. *See Am. Tobacco Co.*, 168 F.3d at 410.

As to personal jurisdiction, neither party has asserted a lack of it here, either in a motion to remand or a motion to dismiss under Rule 12(b)(2). *See generally* ECF No. [1]; ECF No. [9]; ECF No. [16]; ECF No. [93]; ECF No. [95]; ECF No. [111]; *cf. Ruhrgas AG*, 526 U.S. at 580. For that reason, if there are any issues with personal jurisdiction, the Parties have waived them. *See, e.g.*, *Ins. Corp. of Ireland*, 456 U.S. at 703–05; *Ruhrgas AG*, 526 U.S. at 583–84; Fed. R. Civ. P. 12(b)(2), (h)(1).

Having determined the Court has both personal and subject-matter jurisdiction over this

lawsuit, the Court must now decide whether a reason exists not to exercise that jurisdiction. Generally, "[i]f there is jurisdiction, then removal is appropriate and the court may proceed to the merits of the case." *See Am. Tobacco Co.*, 168 F.3d at 410.  Plaintiff does not directly contend that removal was inappropriate in this case; instead, he argues the Court "should decline to use" its jurisdiction because "[p]recedent and prudence" support allowing Florida state courts to decide the case. *See* ECF No. [9] at 1, 4.  Specifically, Plaintiff argues that there is more at stake for Florida because Defendant wronged Florida directly by "attack[ing] the legitimacy of" its courts and that his inability to e-file in federal court will burden him and not Defendant. *See* ECF No. [9] at 1–4.

Plaintiff never uses the word "abstention" in the Motion to Remand, nor does he include case law discussing abstention doctrines. *See generally* ECF No. [9]. Nonetheless, the Court agrees with Defendant that, in substance, Plaintiff is making an abstention argument. After all, "[a]bstention is a determination that the district court should abstain from exercising" its jurisdiction, *Taveras*, 89 F.4th at 1285 (quotation marks omitted), which is exactly what Plaintiff is asking this Court to do, *see* ECF No. [9] at 1.

As the Supreme Court has counseled, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule," *Colo. River*, 424 U.S. at 813, and "rarely should be invoked, because the federal courts have a virtually unflagging obligation to exercise the jurisdiction given them," *Ankenbrandt*, 504 U.S. at 705 (alteration adopted, quotation marks omitted). Indeed, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush*, 517 U.S. at 716; *see also Colo. River*, 424 U.S. at 813 (noting that abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it" (quotation marks omitted)); *31 Foster Child.*, 329 F.3d at 1274.  For that reason,

11

"[a]bdication of the obligation to decide cases can be justified under" an abstention doctrine "only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *See Colo. River*, 424 U.S. at 813 (quotation marks omitted).

The Court does not see any such important countervailing interest here. Plaintiff argues that Florida is the sovereign that has suffered a "wrong" from Defendant's alleged conduct, which he frames as an "attack[]" on "the legitimacy of Florida's courts." *See* ECF No. [9] at 1, 4. But Florida is not the only sovereign with an interest in "defend[ing] her courts' honor" from an attack on their legitimacy. *See* ECF No. [9] at 1. Federal courts have their own robust interest in preserving the legitimacy of their state court brethren. A weak state court system is a threat to the federalist system as a whole. *See, e.g.*, *Gregory v. Ashcroft*, 501 U.S. 452, 459 (1991) ("If [the] 'double security' [of our federalist system] is to be effective, there must be a proper balance between the States and the Federal Government. These twin powers will act as mutual restraints only if both are credible. In the tension between federal and state power lies the promise of liberty."). Conversely, "a healthy balance of power between the States and the Federal Government will reduce the risk of tyranny and abuse from either front." *See id.* at 458.

Along with not presenting the kind of exceptional circumstances required to justify abstention generally, this case also does not fit within any specific abstention doctrine. Although Plaintiff asserts a federal § 1983 claim in the Amended Complaint, that claim does not present "a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *See Colo. River*, 424 U.S. at 814. So *Pullman* abstention does not apply. *See Gold-Fogel*, 16 F.4th at 799 n.11. Nor does this case involve "difficult questions of state law bearing on policy problems of substantial public import." *See*

*Colo. River*, 424 U.S. at 814.  Instead, the state claims in the Amended Complaint stem from well-known and well-defined bodies of state law.  *See generally* ECF No. [92] (asserting claims for breach of contract, unjust enrichment, conversion, tortious interference with business relations, invasion of privacy, defamation, and intentional infliction of emotional distress).  This means that *Thibodaux* abstention does not apply.  *See Gold-Fogel*, 16 F.4th at 799 n.11.

Similarly, this case does not present a scenario in which the "exercise of federal review" would "be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern," *see Colo. River*, 424 U.S. at 814, so *Burford* abstention likewise does not apply, *see Gold-Fogel*, 16 F.4th at 799 n.11.  And there is no indication that Defendant has removed this case to federal court to restrain a state criminal proceeding, a state nuisance proceeding, or the collection of state taxes, *see Colo. River*, 424 U.S. at 816, so *Younger* abstention is also inapplicable, *see Gold-Fogel*, 16 F.4th at 799 n.11.  Finally, there is no concurrent state litigation, so *Colorado River* abstention does not apply.  *See id.* at 799.

To sum, the Court does not view Florida as having a "paramount interest[]" in deciding this case such that this Court should "abstain out of deference" or "concern" for "comity and federalism."  *See Quackenbush*, 517 U.S. at 723.  The Court fulfilling its strict duty to exercise its original jurisdiction here will not cause "needless friction" with Florida's policies, and it will not further the "rightful independence" of Florida's government," the "smooth working of the federal judiciary," or the "harmonious relation between state and federal authority."  *See id.* at 716–18 (quotation marks omitted).  If the Court were to abstain in a situation like this one where abstention is unwarranted, it may instead impinge on the harmonious relationship between state and federal authority by adding unnecessary work to Florida's court system.  As a result, the Court does not find a reason to abdicate its virtually unflagging obligation to exercise the jurisdiction it has been

given. *See Ankenbrandt*, 504 U.S. at 705; *Colo. River*, 424 U.S. at 813.

The Supreme Court has made clear that it "was never a doctrine of equity that a federal court should exercise its judicial discretion to" abstain from deciding a lawsuit "merely because a State court could entertain it." *See Colo. River*, 424 U.S. at 813–14 (alteration adopted, quotation marks omitted). That is essentially what Plaintiff is asking this Court to do, and the Court declines to do so, particularly in a damages action like this one. *See Quackenbush*, 517 U.S. at 721 (noting that abstention principles do not support the remand of damages actions).

### IV. CONCLUSION

For the reasons explained above, I respectfully **RECOMMEND** that the Motion to Remand, **ECF No. [9]**, be **DENIED**.

The Parties will have **fourteen (14) days** from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on January 29, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record

Jonathan Harrington
1701 S.W. 15th Court
Fort Lauderdale, FL 33311
*PRO SE*

15