UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-22787-MOORE/Elfenbein

**JONATHAN HARRINGTON**,

    Plaintiff,

v.

**VERITEXT, LLC**,

    Defendant.
_____/

**ORDER ON PLAINTIFF'S MOTION TO COMPEL ANSWER**

**THIS CAUSE** is before the Court on *pro se* Plaintiff Jonathan Harrington's ("Plaintiff") Motion to Compel Defendant's Answer[1] (the "Second Motion to Compel Answer"), ECF No. [95] at 1, 4, 10. The Honorable K. Michael Moore referred this case to me "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." ECF No. [6]. For the reasons explained below, it is **ORDERED and ADJUDGED** that the Second Motion to Compel Answer, **ECF No. [95]**, is **DENIED**.[2]

**I.**    **BACKGROUND**

On June 10, 2024, Plaintiff filed a state-court action against Defendant Veritext, LLC

---

[1] In ECF No. [95], Plaintiff filed both a Response to Defendant's Motion to Dismiss and a Motion to Compel Defendant's Answer. This Order addresses only the request for relief within ECF No. [95] — Plaintiff's request for an order compelling Defendant to file an answer — and does not address the merits of the pending Motion to Dismiss, *see* ECF No. [93]. The undersigned will issue a separate report and recommendation on the pending Motion to Dismiss, ECF No. [93], in due course.

[2] Because the Second Motion to Compel involves a non-dispositive matter, I resolve it with an Order instead of a Report and Recommendation. *See, e.g.*, *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (noting that a non-dispositive matter is one that does not "dispose[] of a claim or defense of any party").

("Defendant") in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. *See* ECF No. [1-2]. Plaintiff's state court complaint sought $500,000,000 in damages in connection with a transcript Defendant produced of a Florida Board of Bar Examiners hearing that occurred in Miami-Dade County. *See* ECF No. [1-2] at 2, 31. About six weeks later, on July 22, 2024, Defendant removed Plaintiff's state-court action to this Court based on diversity of citizenship. *See* ECF No. [1].

Sometime thereafter, Plaintiff filed a Motion to Compel an Answer (the "First Motion to Compel Answer"), ECF No. [15] at 1. In the First Motion to Compel Answer, Plaintiff argued that Defendant was required to answer his Complaint and asked the Court to compel Defendant to do so. *See* ECF No. [15] at 1–2. The Court denied the First Motion to Compel Answer because Defendant timely filed its Motion to Dismiss the Complaint instead of filing an answer, as it was permitted to do by Federal Rule of Civil Procedure 81(c). *See* ECF No. [30] at 4–5.

About three months later — after Plaintiff filed an Amended Complaint, ECF No. [92], and Defendant filed a Motion to Dismiss the Amended Complaint, ECF No. [93] — Plaintiff filed the Second Motion to Compel Answer, ECF No. [95] at 1, 4, 10. In the Second Motion to Compel Answer, Plaintiff now asks the Court to compel Defendant to answer the Amended Complaint because "there is no timely filed motion tolling the responsive deadline and because the delay in raising [its] objections wastes judicial resources and prejudices Plaintiff." ECF No. [95] at 4.

In response to Plaintiff's Second Motion to Compel Answer, Defendant argues that "the Federal Rules of Civil Procedure do not require" it "to file an answer while" its current Motion to Dismiss, ECF No. [93], "is pending" — a fact that Plaintiff, "a recent law school graduate" would know. *See* ECF No. [118] at 1. Plaintiff did not file a reply, and the time to file one has passed. As a result, the Second Motion to Compel Answer is also now ripe for decision.

CASE NO. 24-CV-22787-MOORE/Elfenbein

## II. LEGAL STANDARDS

After a state-court action is removed to federal court, the Federal Rules of Civil Procedure apply. *See* Fed. R. Civ. P. 81(c)(1). That includes Rule 12, which explains to litigants when and how to present defenses and objections. *See* Fed. R. Civ. P. 12 (containing as part of its title the phrase "Defenses and Objections: When and How Presented"). Rule 12 allows litigants to present defenses and objections in several ways, including through a responsive pleading like an answer, *see* Fed. R. Civ. P. 12(a)(1)–(3), (b), (h)(1)(B)(ii), (h)(2)(A), and through a motion, *see* Fed. R. Civ. P. 12(b)–(g), (h)(1)(A), (h)(2)(B).

Indeed, Rule 12(b)(6) specifically allows litigants to assert the defense of failure to state a claim upon which relief can be granted "by motion." *See* Fed. R. Civ. P. 12(b)(6). If a party wants to file a "motion asserting" that defense, that motion "must be made before pleading if a responsive pleading is allowed." *Id.* A complaint is a pleading for which a responsive pleading is allowed, and an answer is that responsive pleading. *See, e.g.*, Fed. R. Civ. P. 12(a)(1) (recognizing implicitly, while explaining how much time a party has to serve "a responsive pleading," that an answer is the responsive pleading for a "summons and complaint"); *Skrtich v. Thornton*, 280 F.3d 1295, 1305–06 (11th Cir. 2002) (recognizing an answer as a responsive pleading to a complaint), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009); *Vital Pharms., Inc. v. Alfieri*, 576 F. Supp. 3d 1150, 1154 (S.D. Fla. 2021) (same).

## III. DISCUSSION

As noted above, in the Second Motion to Compel Answer, Plaintiff asks the Court to compel Defendant to answer the Amended Complaint because "there is no timely filed motion tolling the responsive deadline." *See* ECF No. [95] at 4. But as Defendant notes in its Response, it timely filed its Motion to Dismiss the day after Plaintiff filed the Amended Complaint. *See* ECF

No. [118] at 1; ECF No. [93]. Defendant also correctly notes that the Federal Rules of Civil Procedure — which apply to removed actions, specifically Rule 81(c)(1) — do not require an answer while a timely motion to dismiss is pending. *See* ECF No. [118] at 1; Fed. R. Civ. P. 12(a)(1)–(3), (b)–(h). The Court agrees with Defendant.[3]

Reading Rule 12 comprehensively, it is clear that a litigant who wishes to assert by motion the defense of failure to state a claim upon which relief can be granted must file any such motion before (or instead of) filing an answer. *See* Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 12(a)(1); *Skrtich*, 280 F.3d at 1305–06; *Alfieri*, 576 F. Supp. 3d at 1154. As was true in the context of the First Motion to Compel Answer, *see* ECF No. [30] at 4–5, Defendant did exactly that here: it timely filed its Motion to Dismiss the Amended Complaint asserting a Rule 12(b)(6) defense instead of filing an answer, *see* ECF No. [93].

## IV. CONCLUSION

Accordingly, like Plaintiff's First Motion to Compel Answer, *see* ECF No. [30] at 4–5, Plaintiff's Second Motion to Compel Answer, *see* ECF No. [95] at 1, 4, 10, is **DENIED**.

**DONE and ORDERED** in Chambers in Miami, Florida on January 29, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The Court also agrees with Defendant that Plaintiff, a recent honors graduate of a premier law school, would know that a party is allowed to file a motion to dismiss instead of an answer. *See* ECF No. [118] at 1. The Court does not view Plaintiff's contention that Defendant somehow waived its right to file a motion to dismiss by choosing not to object to the Report and Recommendation that Plaintiff's motion to amend the complaint be granted as a "good faith argument for the extension or modification" of existing law. *See Hatteras of Lauderdale, Inc. v. Gemini Lady*, 853 F.2d 848, 852 (11th Cir. 1988); *cf.* Fla. R. Pro. Conduct 4–3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law."). As such, the Court warns Plaintiff that any similar future contentions may be deemed frivolous and expose him to sanctions. *See, e.g.*, *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990) (noting that "Rule 11 applies to *pro se* plaintiffs"); *Makere v. Fitzpatrick*, No. 23-11231, 2024 WL 2152114, at *3 (11th Cir. May 14, 2024) (same).

CASE NO. 24-CV-22787-MOORE/Elfenbein

cc:  All Counsel of Record

Jonathan Harrington
1701 S.W. 15th Court
Fort Lauderdale, FL 33311
*PRO SE*