UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-22787-KMM

JONATHON HARRINGTON,

    Plaintiff,

v.

VERITEXT, LLC,

    Defendant.

_____/

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Plaintiff Jonathan Harrington's ("Plaintiff") Motion for the Court to Cede Jurisdiction. ("Mot.") (ECF No. 9). This matter was referred to Magistrate Judge Elfenbein, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. (ECF No. 6). Magistrate Judge Elfenbein issued a Report and Recommendation, ("R&R") (ECF No. 158), recommending that Plaintiff's Motion be DENIED. *See* R&R at 14. Neither Plaintiff nor Defendant Vertiex, LLC ("Defendant") objected to the R&R. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

**I.    LEGAL STANDARD**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem,*

*Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## II. DISCUSSION

In the R&R, Magistrate Judge Elfenbein finds that Plaintiff is asking this Court to abstain from "exercising its jurisdiction" where Congress has conferred upon it an obligation to exercise jurisdiction. R&R at 11 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). Moreover, the R&R notes that the Supreme Court has ""confined the circumstances appropriate for abstention to three general categories," and ultimately finds that none of those categories apply here. R&R at 8 (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)). The R&R further notes that the "Supreme Court has made clear that it 'was never a doctrine of equity that a federal court should exercise its judicial discretion to' abstain from deciding a lawsuit 'merely because a State court could entertain it.'" R&R at 14 (quoting *Colo. River*, 424 U.S. at 813–14). This Court agrees and finds no clear error with the R&R's findings.

## III. CONCLUSION

Accordingly, UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that

the R&R (ECF No. 158) is ADOPTED.  Plaintiff's Motion for the Court to Cede Jurisdiction (ECF No. 9) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this <u>*13th*</u> day of February 2025.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record