**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.  24-CV-22787-MOORE/Elfenbein

JONATHAN HARRINGTON,

     Plaintiff,

 v.

VERITEXT, LLC,

     Defendant.

_____/

## REPORT AND RECOMMENDATION ON MOTION FOR BILL OF COSTS

**THIS CAUSE** is before the Court on Defendant Veritext, LLC's ("Defendant") Motion for Bill of Costs (the "Motion"), ECF No. [174].  In the Motion, Defendant asks the Court to award it, as the prevailing party, the costs it incurred in defending Plaintiff Jonathan Harrington's ("Plaintiff) claims pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.  *See* ECF No. [174].  The Honorable K. Michael Moore referred the Motion to me "to take all necessary and proper action as required by law and/or issue a Report and Recommendation with respect to" "Defendant's Motion for Bill of Costs."  *See* ECF No. [175].  For the reasons explained below, I respectfully **RECOMMEND** that the Motion, **ECF No. [174]**, be **GRANTED in part and DENIED in part.**

## I.      BACKGROUND

This case arises out of Plaintiff's application for admission to the Florida Bar. *See generally* ECF No. [1-2]; ECF No. [92] at 15, 21–22. In connection with that application, the Florida Board of Bar Examiners (the "Board") held a formal hearing on "specifications" it had issued to Plaintiff. *See* ECF No. [1-2]; ECF No. [68] at 5 & n.1. The Board hired Defendant to transcribe that formal

hearing, *see* ECF No. [92] at 1, 25; ECF No. [93] at 3, and Plaintiff later ordered a copy of the hearing transcript, *see* ECF No. [92] at 21. After examining the hearing transcript, Plaintiff came to believe it was "a complete fraud." *See* ECF No. [92] at 21. Based on that belief, he filed a state-court lawsuit against Defendant in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. *See* ECF No. [1-2]. Defendant removed Plaintiff's state-court lawsuit to this Court. *See* ECF No. [1]. Eventually, after seeking and receiving leave of the Court to do so, *see* ECF No. [33]; ECF No. [73]; ECF No. [88], Plaintiff filed an Amended Complaint, see ECF No. [92].

In the Amended Complaint, Plaintiff brought nine claims against Defendant: (1) breach of contract through fraudulent transcription; (2) unjust enrichment; (3) conversion; (4) deprivation of rights under color of law contrary to 42 U.S.C. § 1983; (5) tortious interference with business relations; (6) invasion of privacy; (7) defamation; (8) intentional infliction of emotional distress; and (9) prejudgment interest. *See* ECF No. [92] at 1–24. All nine claims stem from Plaintiff's overarching allegation that Defendant "concocted" a "fraudulent transcript" of the Board's "quasi judicial" hearing on his specifications, *see* ECF No. [92] at 21, instead of producing an "accurate transcript," as the Board hired Defendant to do, *see* ECF No. [92] at 2.  Defendant thereafter moved to dismiss the Amended Complaint for failure to state a claim.  *See* ECF No. [93].  On May 1, 2025, the undersigned issued a Report and Recommendations that recommended dismissal of all claims in the Amended Complaint with prejudice.  *See* ECF No. [163].  On October 24, 2025, the Honorable K. Michael Moore adopted the Report and Recommendation, dismissing all claims in the Amended Complaint with prejudice.  S*ee* ECF No. [169].  Plaintiff thereafter filed a Notice of Appeal on November 17, 2025.  *See* ECF No. [170].

CASE NO.  24-CV-22787-MOORE/Elfenbein

This brings us to the Motion.  On November 19, 2025, Defendant, as the prevailing party, timely moved for the entry of a Bill of Costs in the amount of $5,316.85.00 using AO Form 133. *See* ECF No. [174]; ECF No. [174-1].  In the Motion, Defendant breaks that total down into three categories: $405.00 in Clerk's fees, $195.00 for service of three subpoenas at a rate of $65.00 each, and $4,716.85.00 in transcript and video costs from Plaintiff's January 20, 2025 deposition, consisting of $3,438.85.00 in court reporter and transcript fees and $1,278.00 in videography fees. *See* ECF No. [174-1]; ECF No. [174-4].  Defendant supports each requested category of costs with invoices.  *See* ECF No. [174-2]; ECF No. [174-3]; ECF No. [174-4].

In his Response, Plaintiff opposes the Motion in its entirety, arguing that (1) it is premature given his pending appeal, (2) Defendant never provided him a copy of the deposition transcript, (3) the Parties failed to confer in good faith, and (4) the costs sought are unnecessary and inflated. *See* ECF No. [176].  In its Reply, Defendant argues that none of these objections defeats its entitlement to costs.  *See* ECF No. [181].  Specifically, Defendant contends the pending appeal does not stay disposition of the Motion, Defendant has no legal obligation to provide Plaintiff a free copy of his deposition transcript, the Parties conferred in good faith as evidenced by numerous emails, and all costs sought were reasonably necessary for use in the case and are, therefore, taxable.  *See* ECF No. [181].

## II.     LEGAL STANDARD

### A. The Pending Appeal Does Not Automatically Stay Taxation of Costs

A district court possesses inherent authority to control its docket, which includes the discretion to stay proceedings before it.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (explaining that the power to stay proceedings is incidental to a court's authority to control its docket); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (recognizing a district court's broad discretion

3

to stay proceedings as part of docket management).  The filing of an appeal does not automatically deprive the district court of authority to decide collateral matters, such as costs.  *See Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 64-65 (11th Cir. 1982) ("It is well settled in this circuit that costs may be taxed after a notice of appeal has been filed.").

Whether to defer a bill of costs pending appeal is discretionary.  *See Sutton v. Royal Caribbean Cruise Line*, No. 16-CV-24707, 2018 WL 4282843, at *2, *6 (S.D. Fla. Sept. 7, 2018) (declining to stay taxation of costs pending appeal where the amount sought was discrete and the plaintiff did not show irreparable harm).  Courts in this Circuit frequently proceed with cost determinations during an appeal when the costs are routine, the record is complete, and the non-prevailing party has not shown concrete prejudice from immediate taxation.  *See Lavora v. NCL (Bahamas) Ltd.*, No. 15-CV-24285, 2017 WL 5308511, at *2 (S.D. Fla. Feb. 24, 2017) ("Here, the Court finds no persuasive reason to stay Defendant's Motion solely on the basis of a pending appeal."); *Grovner v. Ga. Dep't of Nat. Res.*, No. CV 213-89, 2015 WL 6453163, at *3 (S.D. Ga. Oct. 23, 2015) (finding no valid reason to delay its decision on taxation of costs simply because the non-prevailing party filed a notice of appeal); *Breedlove v. Hartford Life & Accident Ins. Co.*, No. 11–CV–991–Orl–28TBS, 2013 WL 361825, at *1–2 (M.D. Fla. Jan. 30, 2013) (denying request to stay decision on taxation of costs pending appeal and reasoning that "[t]he possible need to transfer money more than once does not equate to a showing of irreparable harm."); *Yale Galanter, P.A. v. Johnson*, No. 06-CV-60742, 2008 WL 1766907, at *1 (S.D. Fla. Apr. 14, 2008) ("While the Court understands it has the authority to deny the bill of costs without prejudice to refiling after resolution of the appeal, the Court prefers to rule upon the motion at this time and enter a judgment for costs.").

CASE NO.  24-CV-22787-MOORE/Elfenbein

**B.  Rule 54(d)(1) and Section 1920 Govern Taxable Costs**

Unless a federal statute, the Rules, or a court order provides otherwise, "costs — other than attorney's fees — should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir.  2007).  "Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920." *Id.*; *see also Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) ("As the Supreme Court has explained, absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C.  § 1920." (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S.  437, 445 (1987))).

Under § 1920, the Court "may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."  28 U.S.C. § 1920.  A court's discretion to deny costs is not unfettered; any denial must rest on a sound, stated basis.  *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

"Usually, the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)."  *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (citation omitted).  "Once prevailing status is obtained, local rules in this District require the prevailing party to move for costs within thirty days of the underlying judgment."  S.D. Fla. L.R. 7.3(c); *Doria v. Class Action Servs., LLC*, 261 F.R.D.  678, 682 (S.D. Fla. 2009).  "An application for a bill of costs must

CASE NO.  24-CV-22787-MOORE/Elfenbein

be submitted on form (or in form substantially similar to) AO 133 of the Administrative Office of the United States Courts and shall be limited to the costs permitted by 28 U.S.C. § 1920." S.D. Fla. L.R. 7.3(c).  "The bill of costs shall attach copies of any documentation showing the amount of costs and shall be supported by a memorandum not exceeding ten (10) pages." *Id.*

## III.    DISCUSSION

### A.  Plaintiff's Procedural Objections

Before reaching the taxability of the requested costs, the Court addresses three procedural objections that Plaintiff raises in his Response: (1) his request to stay the costs award pending appeal; (2) his argument that Defendant's failure to furnish him a free copy of his deposition transcript undermines the transcript's taxability; and (3) his challenge to the adequacy of the parties' conferral.  *See* ECF No. [176].  The Court addresses each in turn.

#### a.  The Pending Appeal

First, Plaintiff asks the Court to stay any costs award pending resolution of his appeal.  *See* ECF No. [176] at 2-3.  A pending appeal does not toll or extend the time for seeking costs, and a prevailing party may move for costs notwithstanding the appeal.  *See* S.D. Fla. L.R. 7.3(c).  And, as explained above, "[i]t is well settled in this circuit that costs may be taxed after a notice of appeal has been filed." *Rothenberg*, 677 F.2d at 64-65.  With that said, the district court has discretion in deciding whether to defer its decision awarding costs pending appeal and courts in this Circuit frequently proceed with such determinations when the costs are routine, the record is complete, and the non-prevailing party has not shown concrete prejudice from immediate taxation. *See Sutton*, 2018 WL 4282843, at *2, *6;  *Lavora*, 2017 WL 5308511, at *2; *Grovner*, 2015 WL 6453163, at *3; *Breedlove*, 2013 WL 361825, at *1–2; *Yale Galanter, P.A.*, 2008 WL 1766907, at *1.

Here, Plaintiff has not met his burden to justify a stay of the Court's decision on the pending Motion.  The filing of an appeal does not prevent the Court from deciding a collateral cost motion. *See Rothenberg*, 677 F.2d at 64-65.  And while the Court has discretion to defer a cost ruling, the circumstances here do not warrant a stay as the cost issues are fully briefed, the record is complete, and the request concerns routine § 1920 costs.  *See Sutton*, 2018 WL 4282843, at \*2 (declining to stay taxation of costs pending appeal for similar reasons); *Lavora*, 2017 WL 5308511, at \*2. Plaintiff has identified no case-specific reason, beyond the existence of an appeal, to delay resolution of this Motion.  Therefore, the undersigned concludes that no basis exists to stay entry of a costs award, so the Court should exercise its discretion to decide this collateral issue at this juncture.

**b.  Failure to Provide Plaintiff a Free Copy of the Transcript**

Next, Plaintiff argues that Defendant's failure to furnish him a free copy of his deposition transcript negates the transcript's taxability.  *See* ECF No. [176] at 2-3.  Federal Rule of Civil Procedure 30(f)(3) entitles a party to obtain a copy of a deposition transcript *from the court reporter* "when paid reasonable charges," but it does not require the party taking the deposition to provide its opponent with a copy of the deposition transcript free of charge, and Plaintiff's *pro se* status does not compel a different conclusion.  Fed. R. Civ. P. 30(f)(3); *see also Watson v. Ohio Ambulance Sols., LLC*, No. 20-CV-802, 2022 WL 2133739, at \*3 (S.D. Ohio June 14, 2022) ("Courts have consistently held that a party is not required to provide an opposing party with a free copy of a deposition transcript."); *Johnson v. Elum*, No. 20-CV-12422, 2022 WL 1205005, at \*3 (E.D. Mich. Apr. 22, 2022) ("Like Defendants would have had to do, Plaintiff may request a copy of his deposition transcript from the court reporter at a reasonable cost."); *Schroer v. United States*, 250 F.R.D. 531, 537 (D. Colo. 2008) ("The general rule, established

expressly by the Federal Rules of Civil Procedure, is that a party must obtain copies of deposition transcripts directly from the court reporter upon the payment of a reasonable charge, and not from opposing counsel or the court.").

Indeed, the court reporter is entitled to be paid a fee from any party desiring a copy of the deposition transcript; after all, it is the court reporter's work product.  *See Adams v. Dolgencorp, LLC*, No. 11-CV-784-FJP, 2012 WL 1918625, at *2 (M.D. La. May 25, 2012) ("In light of the construction of Rule 30, it appears quite certain that the deposition transcript is the property of the court reporter. . . .").  To the extent Plaintiff wishes to obtain a copy, he must simply contact the court reporter and purchase a copy, which is typically billed at a much lower rate than the original transcript.  But Defendant is not required to provide Plaintiff with a free a copy; accordingly, the Court will not compel Defendant to do so as Plaintiff requests.  And as a result, Defendant's purported failure to furnish a free copy of the transcript to Plaintiff does not establish any violation of Plaintiff's rights under Rule 30(f)(3) nor does it bear on the separate question of taxability of this cost under § 1920(2), which is addressed below.

### c.  Good Faith Conferral

In his final procedural argument, Plaintiff argues that the Parties failed to confer in good faith before Defendant filed the Motion.  *See* ECF No. [176] at 2-3.  Local Rule 7.1(a)(3) requires counsel to confer, or make a reasonable effort to confer, in good faith before filing a motion.  S.D. Fla. L.R. 7.1(a)(3).  Courts in this District have found conferral inadequate where a party sends a single email with no deadline for response and files the motion before the opposing party has any real opportunity to reply.  *See Tanzella v. G&G Ins. Adjusters Inc.*, No. 16-CV-62288, 2017 WL 11742639, at *1 (S.D. Fla. Jan. 13, 2017).  Here, by Plaintiff's own admission, the Parties exchanged numerous emails prior to the filing of the Motion.  *See* ECF No. [176] at 2-3.

Defendant specifically represents that they exchanged 17 emails over two days, that Defendant shared its draft Motion (which is only four pages) before filing it with the Court, and that Defendant provided all supporting receipts at Plaintiff's request.  *See* ECF No. [181] at 5; *see also* ECF No. [176] at 2-3.  In light of the foregoing, the Court concludes that Defendant sufficiently complied with the conferral requirements of Local Rule 7.1(a)(3) as Plaintiff had a genuine opportunity to review the submission, which was not lengthy, and engage with Defendant on the substance of the costs sought, satisfying Local Rule 7.1(a)(3)'s good-faith conferral requirement.  Further, given Plaintiff's blanket objection to the award of any costs and request that the Court deny the Motion in its entirety, *see* ECF No. [176] at 5, it does not appear that any further conferral would have been fruitful.

### B.  Taxability of Costs

Having resolved the procedural objections, the Court now turns to the question of the taxability of the requested costs.  As the prevailing party, Defendant requested taxation of costs within thirty days of the Order granting its motion to dismiss, using AO Form 133 as required by Local Rule 7.3.  *See* ECF No. [174-1]; S.D. Fla. L.R. 7.3(c); *Doria*, 261 F.R.D. at 682.  And Defendant further supported its request with invoices documenting the costs sought and an accompanying memorandum, both consistent with Local Rule 7.3's procedural requirements.  *See* S.D. Fla. L.R. 7.3(c).  The Court, therefore, addresses each requested cost below.

### a.  Clerk's Removal Fee

Defendant seeks $405.00 for the Clerk's removal fee paid when this action was removed to federal court.  *See* ECF No. [174] at 2.  It is well settled that the initial filing fee paid to the Clerk of Court upon removal is taxable under § 1920(1).  *See Karpovtseva v. AIG Prop. Cas. Co.*, No. 21-CV-62537, 2022 WL 4238230, at *2 (S.D. Fla. Aug. 20, 2022), *report and*

*recommendation adopted*, No. 21-CV-62537, 2022 WL 4235069 (S.D. Fla. Sept. 14, 2022).  And other than his procedural objections discussed above, Plaintiff does not specifically object to or otherwise argue that this cost is non-taxable.  As § 1920(1) specifically authorizes taxation of the initial filing fee, the Clerk's $405.00 removal fee is taxable.

### b. Service Fee

Defendant next seeks $195.00 for the costs associated with service of three subpoenas at $65.00 per subpoena.  *See* ECF No. [174] at 2.  As noted above, § 1920(1) authorizes "[f]ees of the clerk and marshal."  28 U.S.C. § 1920(1).  Although § 1920(1) does not expressly authorize private process server fees, "[p]rivate process server fees may be taxed pursuant to §§ 1920(1) and 1921," as long as those fees "do not exceed the statutory fees authorized in § 1921." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000); *Blanco v. Biscayne Wine Grp., LLC*, No. 13-CV-21314, 2014 WL 2653922, at *3 (S.D. Fla. June 13, 2014) (limiting private process-server recovery to the rate of the U.S. Marshal); *see also* 28 C.F.R. § 0.114(a)(3) (setting cost of "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor" for "process served or executed personally," "plus travel costs and any other out-of-pocket expenses").

The service of the subpoena must also be reasonably necessary to the litigation.  *See W&O*, 213 F.3d at 622-23 (analyzing the necessity of service-of-process expenses under § 1920(1)).  For example, in personal-injury cases, courts in this District have awarded subpoena-related service costs for medical providers when the plaintiff's medical condition is at issue.  *See Lavora*, 2017 WL 5308511, at *3 (awarding costs for service of subpoenas to healthcare providers because the plaintiff's medical condition was at issue). Here, although the invoices attached to the Motion and the Bill of Costs reflect charges for service of subpoenas greater than the permissible statutory

rate, *see* ECF No. [174-3], Defendant does not seek to tax the full sum it incurred.  Instead, Defendant is only seeking to tax $65.00 per subpoena, which does not exceed the U.S. Marshal's fee, *see* ECF No. [174-1].  Although Plaintiff initially objected to the taxation of these costs on the basis that he did not have prior notice of the subpoenas, Plaintiff has since withdrawn that position, acknowledging that he indeed received copies of them.  *See* ECF No. [176] at 1; ECF No. [183]; ECF No. [190].  And the Court finds that these subpoenas were necessary for use in the litigation as Plaintiff sued Defendant for intentional infliction of emotional distress and the records from these providers sought discovery related to Plaintiff's claim for emotional harm damages.  *See* ECF No. [180] at 7.  Accordingly, the Court finds that Defendant's request to tax the costs associated with service of the three subpoenas, each at a rate of $65, for a total of $195.00, to be appropriately taxable.

### c.  Stenographic Transcript Fees

Next, Defendant seeks $3,438.85.00 in costs for stenographic transcripts of Plaintiff's deposition, which the Universal Court Reporting invoice breaks down into a $1,988.50 fee for the original and one certified transcript,[1] a $596.55 eight-day expedite fee, a $508.00 court reporter appearance fee, a $295.80 "B&W" exhibit handling fee, a $35.00 litigation support package fee, and a $15.00 electronic processing and delivery fee.  *See* ECF No. [174-4].  The Court addresses each line item below.

Deposition transcript costs are taxable under § 1920(2) when necessarily obtained for use in the case.  *W&O, Inc.*, 213 F.3d at 620–21.  Necessity is assessed as of the time the deposition was taken, need only reasonably have appeared necessary then, and the challenging party bears

---

[1] According to the invoice, the court reporter charged $4.10 per page for the 485-page transcript of Plaintiff's deposition. *See* ECF No. [174-4] at 2.  It does not appear that there were any additional costs associated with Defendant obtaining a copy of the certified transcript.

the burden of showing the deposition was unrelated to an issue in the case. *Id*. Court reporter appearance fees are taxable on the same basis, since the appearance fee is directly tied to preparing the transcript. *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258–59 (S.D. Fla. 2013). In this case, Defendant deposed Plaintiff — a named party in the case — during the discovery period with only weeks left in the discovery period and with trial four months away. Given that Defendant needed the deposition of Plaintiff to ascertain the facts of the case, the Court concludes that the deposition reasonably appeared necessary at the time, regardless of whether it was later used at trial. *See W&O, Inc.*, 213 F.3d at 620–21; *Joseph*, 950 F. Supp. 2d at 1258 (finding that the deposition of the plaintiff "was necessarily obtained for use in th[e] case, particularly as she was a named party and the primary witness in the case; hence, the deposition was necessary to ascertain the facts of the case."). Plaintiff has not met its burden to show otherwise, and because the appearance fee is tied to producing that same transcript, it is taxable on the same showing. Indeed, "[n]umerous courts have ruled that court reporter appearance fees are properly taxable as costs." *Joseph*, 950 F. Supp. 2d at 1258 (collecting cases); *see also Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 12-CV-81250, 2014 WL 5325211, at *7 (S.D. Fla. Aug. 20, 2014) ("[A]ttendance fees of court reports are clearly taxable costs."). Accordingly, the $1,988.50 transcript fee and the $508.00 appearance fees are both taxable.

Turning to the other line items on the invoice for the deposition transcript, expedited transcript fees are recoverable only where expedition itself was necessary, not merely convenient, and are typically allowed only where the deposition was taken within thirty days of a pretrial motion's deadline or the start of trial. *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012); *Camps v. Bravo*, No. 20-CV-24294, 2023 WL 11959806, at *6 (S.D. Fla. Sept. 15, 2023) (denying recovery of expedited delivery costs where the deposition was taken more than

thirty days before trial and the necessity of expediting delivery was not explained).  Here, Defendant deposed Plaintiff on January 20, 2025, which was four months before trial and 39 days before its February 28, 2025 deadline to file dispositive motions.  *See* ECF No. [174-5] at 6-7; ECF No. [22] (setting deadline for dispositive motions on February 28, 2025 and setting trial during the two-week period commencing on May 19, 2025).  Defendant fails to show the existence of any imminent hearing, filing deadline, or other need that made the standard delivery turnaround impracticable.  *See Barrera*, 900 F. Supp. 2d at 1335.  Without more, the Court concludes that the expedite fee was incurred for the convenience of counsel rather than necessity, making the $596.55 expedite fee non-taxable.

Finally, deposition invoice charges for litigation support packages, exhibit handling, electronic processing, and delivery fees are not recoverable because they are incurred solely for the convenience of counsel.  *See, e.g.*, *Doe v. Roe*, No. 17-CV-23333, 2021 WL 3408605, at *4 (S.D. Fla. July 19, 2021); *Chase Bank USA, N.A. v. Jacucci*, No. 19-CV-62318, 2021 WL 2689961, at *1 (S.D. Fla. Apr. 6, 2021); *Barrera*, 900 F. Supp. 2d at 1335.  Defendant seeks to tax several non-taxable line items on the transcript invoice, consisting of the "B&W" exhibit handling fee, the litigation support package fee, and the electronic processing/archival/delivery fees.  *See* ECF No. [174-4] at 2. These all fall squarely within this convenience category and are not taxable.

To recap, the $1,988.50 transcript fee and the $508.00 appearance fee are taxable, but the $596.55 expedite fee, the $295.80 "B&W" exhibit handling fee, the $35.00 litigation support package fee, and the $15.00 electronic processing/archival/delivery fee are not.  *See* ECF No. [174-4] at 2.  Thus, of the $3,438.85 that Defendant requested in transcript costs, only $2,496.50 is taxable.

CASE NO.  24-CV-22787-MOORE/Elfenbein

### d.  Videography Fees

Defendant also seeks $1,278.00 for the costs associated with the videography of Plaintiff's deposition, which the Universal Court Reporting invoice breaks down into a $1,188.00 video appearance fee, a $75.00 fee for the link of the video recording, and a $15.00 processing fee.  *See* ECF No. [174-4].  Both a transcript and a video recording of the same deposition may be taxed under § 1920(2).  *See Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996). Interpreting the taxability of videography services when a deposition is both recorded by stenographic and nonstenographic means, the Eleventh Circuit has explained that "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed."  However, processing, archival, and delivery charges are generally treated as incurred for counsel's convenience and are not recoverable.  *See Barrera*, 900 F. Supp. 2d at 1335; *Camps*, 2023 WL 11959806, at *5.

In the Notice of Taking Deposition of Plaintiff, Defendant specified that the deposition may be video recorded.  *See* ECF No. [174-5] ("The deposition may be recorded by camera or other audio-visual means.").  There is no indication in the record that Plaintiff raised any objection to the video recording of his deposition either before or during the deposition nor does Plaintiff argue as much in his Response. *See generally* ECF No. [176].  Further, the Court notes that this action turns on Plaintiff's allegation that Defendant fraudulently altered a prior transcript of his statements, so Defendant had a legitimate reason to obtain a video record of Plaintiff's own testimony, both to prevent a similar dispute over this record and to preserve testimony for impeachment or trial presentation had the case reached its May 19, 2025 trial date.  *See* ECF No.

CASE NO. 24-CV-22787-MOORE/Elfenbein

[92]; ECF No. [181]. As Defendant noticed the deposition to be video recorded and the deposition was necessarily obtained for use in the case, the Court concludes that the $1,188.00 appearance fee of the videographer and the $75.00 fee for the link of the original video recording, which relate directly to producing the video, are taxable. *See Camps*, 2023 WL 11959806, at *5. The $15.00 processing fee, however, falls within the category of administrative charges courts in this District have repeatedly declined to tax. *See Barrera*, 900 F. Supp. 2d at 1335. Of the $1,278.00 that Defendant requested in videography costs, only $1,263.00 is taxable.

## IV. CONCLUSION

For the reasons explained above, I respectfully **RECOMMEND** that the Bill of Costs, **ECF No. [174]**, be **GRANTED** in part and **DENIED** in part as follows:

| Item | Requested | Recommended Award |
|---|---|---|
| Clerk's Removal Fee | $405.00 | $405.00 |
| Subpoena Service Fees | $195.00 | $195.00 |
| **Stenographic Transcript Fees** | | |
| Original + Certified Copy | $1,988.50 | $1,988.50 |
| Court Reporter Appearance Fees | $508.00 | $508.00 |
| Expedite Fee | $596.55 | $0.00 |
| B&W Handling Fee | $295.80 | $0.00 |
| Litigation Support Package Fee | $35.00 | $0.00 |
| Electronic/Processing/Delivery Fees | $15.00 | $0.00 |
| **Videography Fees** | | |
| Appearance Fees | $1,188.00 | $1,188.00 |
| Video Link of Deposition | $75.00 | $75.00 |
| Processing Fee | $15.00 | $0.00 |
| **Total** | **$5,316.85** | **$4,359.50** |

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that the Court enter a Bill of Costs in favor of Defendant and against Plaintiff in the total amount of **$4,359.50,** broken down as $405 for fees of the Clerk, $195 for fees of summons and subpoenas, and $3,759.50 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

CASE NO.  24-CV-22787-MOORE/Elfenbein

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K.  Michael Moore, United States District Judge.   Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary, in the interest of justice.  *See* 28 U.S.C.  § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir.  1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on July 16, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All counsel of record

16